512 So.2d 1096 (1987)
Donald PAPPERT, Sarah Patten, Gordon Fletcher, Frederick Libby, Armand & Jean Grassi, James G. Jackson, et al., Appellants/Cross Appellees,
v.
MOBILINIUM ASSOCIATES V., a California Limited Partnership; McDay Corporation, a California Corporation Doing Business in Florida; and Mobile Home Park Associates, a California Limited Partnership, etc., Appellees/Cross Appellants.
Nos. 85-879, 85-2325.
District Court of Appeal of Florida, Fourth District.
September 16, 1987.
*1097 John T. Allen, Jr., Neil E. Polster and Christopher P. Jayson of John T. Allen, Jr., P.A., St. Petersburg, and Joanna R. Martin of Harris & Martin, Stuart, for appellants/cross appellees.
Robert C. Grady of Katz, Barron, Squitero & Faust, Miami; Daniel H. Jones of Jones, Bergin & Culler; and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for appellees/cross appellants.
ANSTEAD, Judge.
We sua sponte consolidate these appeals from a final judgment and a subsequent order taxing attorneys' fees and costs. We affirm the final judgment but reverse the award of attorneys' fees and costs.
The appellants, residents of a mobile home park owned and operated by the appellees, brought an action for injunctive relief and damages against appellees alleging numerous violations of Chapter 723, Florida Statutes (1984), including section 723.022(2), which provides:
The mobile home park owner shall at all times:
(a) Comply with the requirements of applicable building, housing, and health codes.
(b) Maintain buildings and improvements in common areas in a good state of repair and maintenance and maintain the common areas in a good state of appearance, safety and cleanliness.
(c) Provide access to the common areas, including buildings and improvements thereto, at all reasonable times for the benefit of the park residents.
(d) Maintain utility connections and systems in reasonably usable condition.
The action alleged violations concerning the park's roadways, swimming and wading pools, drainage ditches, laundry rooms, clubhouse, playground, teen center, and other areas of the park. The action also *1098 claimed that the rent being charged was unconscionable and that the appellees had unlawfully changed the park from a family facility to an adult-only facility. The action for unconscionable rent was dismissed with prejudice after an evidentiary hearing and in advance of trial on the other claims.
After trial the court found no improper conduct by the appellees in changing a part of the park to adults-only. In addition, while finding evidence of virtually all the section 723.022 violations alleged, the trial court awarded damages only for violations concerning the swimming and wading pools. The court found that the evidence as to the other violations was insufficient to reflect that they existed long enough to seriously affect the homeowners living in the park. The court also found that there was insufficient evidence presented by appellants of damages sustained by the homeowners as to these violations, as contrasted to specific evidence presented of the cost to the homeowners to use another swimming facility for the time in question. The court awarded damages of $18,860.00 to the homeowners. Subsequently, however, the court taxed attorneys' fees and costs against the homeowners in the total amount of $46,278.21. The homeowners are appellants in both cases, while appellees challenge the damage award against them by cross appeal.
In the appeal from the final judgment we affirm both the award of damages for the loss of swimming facilities and the denial of damages on the other violations. We agree with appellants, and the trial court acknowledged, that there was evidence, in some instances undisputed evidence, that other violations took place. However, we hold that the trial court, as the trier of fact, did not err in determining that no damages should be awarded because of the lack of proof as to the duration of the violations or as to specific damages caused by such violations.
We reverse the award of attorneys' fees and costs. First, we do so because of a jurisdictional problem: The court entered the order taxing costs and attorneys' fees at a time outside of the time this court specifically provided in an order relinquishing jurisdiction for that purpose. In the interest of judicial economy, however, we also reverse on the merits and hold that the trial court erred in taxing fees against the appellants.
Section 723.068, Florida Statutes, provides that "in any proceeding between private parties to enforce provisions of this chapter, the prevailing party is entitled to a reasonable attorney's fee." The trial court apparently based its decision on the attorney's fee issue on the premise that the appellees had prevailed on the majority of violations of Chapter 723 alleged in separate counts by the homeowners. We disagree with that characterization of the outcome of the proceedings.
Initially, we note that the homeowners recovered a judgment for damages in the amount of $18,860.00. Hence, in the sense that the party that seeks affirmative relief secures relief, the homeowners are clearly the prevailing party. Fixel Enterprises, Inc. v. Theis, 507 So.2d 697 (Fla. 1st DCA 1987); Sharpe v. Ceco Corporation, 242 So.2d 464 (Fla. 3d DCA 1970); see also Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). It also appears that all of the claims were related. For instance, the claim as to rent included allegations that the rent was unconscionable because of the poor quality of maintenance, services and facilities; and the phased conversion of the park to an "adults only" facility apparently affected the condition and availability of these amenities relating to children. This case is somewhat unusual in that the homeowners' proof as to other maintenance problems at the park was virtually undisputed. However, by trial time the violations had ceased, and plaintiff failed to prove the measure of their damages. It appears damages were denied because adequate proof of damages was lacking, not because proof of violations was lacking.
We fail to see any significance in the fact that the Chapter 723 violations were alleged in different counts. It appears that the appellants initially alleged *1099 the section 723.022(2) violations in a single count but in an amended pleading divided them into different counts. That pleading strategy should not control the determination of the prevailing party. In Hensley the United States Supreme Court held that plaintiffs in civil rights litigation may be considered to be "prevailing parties for attorney's fee purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." 461 U.S. at 433, 103 S.Ct. at 1939. The court acknowledged, however, that the extent of success by prevailing plaintiffs should be utilized by the trial court in determining the extent of fees due those plaintiffs:
[T]he extent of a plaintiff's success is a crucial factor... . Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.
103 S.Ct. at 1943.
Accordingly, we affirm in part and reverse in part and remand for further proceedings in accord with the above.
DOWNEY and GLICKSTEIN, JJ., concur.