PER CURIAM.
Petitioners seek certiorari review of the trial court’s order striking their demand for jury trial on both counts of their second amended complaint. We have jurisdiction to grant certiorari. Valiante v. Allstate Insurance Co., 462 So.2d 590 (Fla. 2d DCA 1985); Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982).
Petitioners, mobile home park tenants, rent lots from respondent, the park owner. Petitioners sued respondent in a two-count second amended complaint. The first count sought to declare the rent unconscionable and to enjoin the charging of unconscionable rent. The second count sought damages for alleged violations of respondent’s statutory obligations with respect to maintenance of the premises, particularly the maintenance of the swimming pool. The alleged failure to maintain the premises formed a part of the claim for unconscionable rent in the first count. Petitioners demanded a “jury determination of unconscionability” in the first count, and a jury trial on all issues in the second count. The trial court granted respondent’s motion to strike the demands for jury trial, holding the entire case essentially involved the charge of unconscionable rent.
Unconscionability is a question of law to be determined by the court. *889 § 723.033, Fla.Stat. (1985); Belcher v. Kier, 558 So.2d 1039 (Fla. 2d DCA), rev. denied, 570 So.2d 1305 (Fla.1990); Garrett v. Janiewski, 480 So.2d 1324 (Fla. 4th DCA 1985), rev. denied, 492 So.2d 1333 (Fla. 1986). Contrary to Florida law, petitioners demanded a jury determination of uncon-scionability. Thus, we find the trial court properly struck the jury demand in the first count of the second amended complaint.
Although the court must determine unconscionability, a claim for damages for violations of the statutory duties of a mobile home park owner exists apart from a claim for unconscionable rent. Pappert v. Mobilinium Associates V, 512 So.2d 1096 (Fla. 4th DCA 1987). The petitioners have a right to jury trial on their claim for damages in the second count of their second amended complaint because the remedy sought is damages for the loss of use of the swimming pool at the mobile home park. See King Mountain Condominium Association v. Gundlach, 425 So.2d 569 (Fla. 4th DCA 1983) (nature of the right and remedy sought dictates the right to a jury trial). We therefore find the court erred by denying the right to a jury trial on the second count seeking damages and direct the trial court to grant a jury trial on count II.
Accordingly, we grant the petition for writ of certiorari and quash that portion of the order striking the demand for jury trial as to count II with directions consistent herewith.
FRANK, A.C.J., and HALL and PATTERSON, JJ., concur.