629 So.2d 905 (1993)
Steven L. WARSHALL, Appellant,
v.
Richard J. PRICE, Appellee.
No. 92-1154.
District Court of Appeal of Florida, Fourth District.
November 24, 1993.
Rehearing and Rehearing Denied February 8, 1994.
*906 Kenni F. Judd, Edwards and Angell, Palm Beach, for appellant.
Patrick J. Casey and J. Kory Parkhurst, Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for appellee.
Rehearing and Rehearing En Banc Denied February 8, 1994.
DONNER, AMY STEELE, Associate Judge.
Appellant, Dr. Steven Warshall, seeks review of a final judgment taxing costs and attorney's fees in favor of appellee, Dr. Richard Price. Although Warshall raises numerous issues on appeal, this court will only address whether the trial court erred in apportioning the fees and costs incurred by Price. On that issue, we reverse.
Warshall is a cardiologist in Palm Beach. In 1984, Warshall hired Price to work at his practice and they signed a three year agreement. The agreement specified Price's salary and bonuses for the three years and included a covenant not to compete. At the end of the three years, when the parties were negotiating a partnership agreement, Warshall and Price signed an agreement to continue association for one year. Although that agreement did not mention a bonus, it did state Price's salary and said the remainder of the agreement would be the same as the original contract. At the end of the fourth year, Price opened his own cardiology office *907 in the same block as Warshall which was in violation of the parties employment agreement.
Price then sued Warshall seeking: a third year bonus of $179,000; a fourth year bonus in excess of $179,000; and damages for Warshall's failure to negotiate a partnership agreement in good faith. Warshall counterclaimed seeking: damages for breach of contract; damages for conversion of a patient list; damages for civil theft of patient records; and damages for conversion of patient receipts.
Ultimately, the above claims were resolved as follows:
1) The trial court directed a verdict awarding Price $179,000 for his third year bonus.
2) The jury returned a verdict in favor of Warshall on Price's claim for a fourth year bonus.
3) The jury returned a verdict in favor of Warshall on Price's claim that Warshall failed to negotiate a partnership agreement in good faith.
4) The jury returned a $75,000 verdict in favor of Warshall on his breach of contract claim.
5) The trial court directed a verdict in favor of Price on Warshall's claim for conversion of a patient list.
6) The trial court directed a verdict in favor of Price on Warshall's claim for civil theft of patient records.
7) The trial court directed a verdict in favor of Warshall for conversion of patient receipts (which totaled approximately $40,000).
After the trial court rendered the final judgment in the underlying case, Price sought an award of his attorney's fees and costs which totaled approximately $120,000.
On March 13, 1992, the trial court rendered a final judgment taxing fees and costs. The court determined Price was entitled to fees and costs pursuant to section 448.08, Florida Statutes (1991).[1] The court then determined all of the other issues litigated, with the exception of conversion of patient receipts, were inextricably intertwined. Therefore, the court subtracted the fees and cost attributable to conversion of patient receipts and awarded Price the remainder, which was: $104,604.00 for fees; $6,299.44 in interest on those fees; $5,865.88 for costs; and $1,000 in expert witness fees, for a total of $117,769.32.
In Pappert v. Mobilinium Associates V., 512 So.2d 1096, 1099 (Fla. 4th DCA 1987), this court elaborated on the standard which a trial court should apply in awarding fees and costs:
Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. ... [W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.
(quoting Hensley v. Eckerhart, 461 U.S. 424, 440, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983)) (emphasis added).
We agree with the trial court's determination that Price's claim for a fourth year bonus was intertwined with his claim for a third year bonus as both claims necessarily involved interpretation of the initial employment agreement signed by the parties. Since Price prevailed on the claim for a third year bonus, he was entitled to fees and costs for both that claim and the claim for a fourth year bonus. We also agree with the trial court's decision to separate the fees and costs attributable to Price's defense of Warshall's claim for conversion of patient receipts as that claim was distinct in all respects from his claim for a third year bonus upon which Price prevailed.
Our disagreement with the trial court arises from its decision to award Price fees and costs for Price's claim that Warshall failed to negotiate a partnership agreement *908 in good faith. Price did not succeed on this issue, which is also distinct in all respects from his claim for a third year bonus. Price's claim for a third year bonus arose from the employment agreement he signed with Warshall. The claim for failure to negotiate the partnership agreement in good faith, however, could have been researched, litigated and billed by Price's counsel without the initial employment agreement ever existing.
We therefore reverse and remand for an evidentiary hearing for the trial court to determine those fees and costs incurred by Price while pursuing this claim and deduct that amount from Price's final judgment for fees. In the event the trial court cannot identify the specific hours that Price's counsel dedicated to this issue, it should reduce Price's award by a proportion based upon the time spent litigating that issue. See Fashion Tile & Marble, Inc. v. Alpha One Constr. & Assocs., 532 So.2d 1306, 1309 (Fla.2d DCA 1988).
In a separate appeal brought by Warshall, we have reversed and remanded the trial court's decision to direct a verdict in favor of Price on Warshall's claim for conversion of his patient list. See Warshall v. Price, 629 So.2d 903 (Fla. 4th DCA 1993). As a result, in light of the Florida Supreme Court's decision in Moritz v. Hoyt Enters., Inc., 604 So.2d 807 (Fla. 1992), the trial court may also want to consider which party prevailed on the significant issues in this case before it renders a new final judgment for fees.[2]
REVERSED AND REMANDED.
GLICKSTEIN and POLEN, JJ., concur.
NOTES
[1] Section 448.08 reads: "Attorney's fees for successful litigants in actions for unpaid wages.  The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee."
[2] In Moritz, the court stated the only consideration, when determining a fee award, is whether the party prevailed on the significant issues in the litigation (regardless of whether that party prevailed in terms of dollars awarded).