727 So.2d 1124 (1999)
Marcel E. MARTY, Appellant,
v.
Patrick J. BAINTER, Appellee.
No. 98-599.
District Court of Appeal of Florida, First District.
March 12, 1999.
*1125 Milton H. Baxley II, Gainesville, for Appellant.
Ross T. Clark, Law Offices of Bateh & Clark, Jacksonville; and Michael J. Korn of Korn & Zehmer, P.A., Jacksonville, for Appellee.
JOANOS, J.
This is the second time this court has been asked to review actions taken by the lower tribunal in connection with the underlying litigation between the parties to this appeal. In the first appeal, appellant sought reversal of orders of the circuit court dismissing appellant's appeal of an arbitration award, confirming the arbitration award, and awarding the amount of money damages set by the arbitrator. Because the circuit court was acting in its appellate capacity, this court treated the appeal as a petition for writ of certiorari, granted the petition, and quashed the order under review. The order was quashed because the circuit court did not give appellant the required 10-day notice before imposing the sanction of dismissal due to appellant's failure to comply with the appellate rules. See Marty v. Bainter, 709 So.2d 185 (Fla. 1st DCA 1998)(Marty I).
During the pendency of the prior appeal, the circuit court, acting in its capacity as a trial court, entered final judgment awarding attorney's fees and costs in favor of appellee. The award was predicated on the final judgment for money damages in favor of appellee as a result of the arbitration, which judgment subsequently was reversed by this court's decision in Marty I.
Once a final judgment is reversed and remanded by an appellate court, there can be no prevailing party for purposes of an award of prevailing party attorney's fees. Consequently, an award of attorney's fees and costs predicated on a reversed or vacated final judgment also must be reversed. See Jupiter Mall Realty Corp. v. Rosner's, Inc., 614 So.2d 52 (Fla. 4th DCA 1993); Association Financial Services, Inc. v. Lewis, 551 So.2d 590, 591 (Fla. 5th DCA 1989); Thornburg v. Pursell, 476 So.2d 323, 324 (Fla. 2d DCA 1985). Appellee in this case properly concedes the award of attorney's fees and costs should be reversed, pending the final disposition of the underlying judgment.
Accordingly, the appealed final judgment is vacated and the cause is remanded for further proceedings, pending the ultimate disposition of appellant's appeal of the arbitration award and final judgment in favor of appellee, the plaintiff in the proceedings in the lower tribunal.
MINER and DAVIS, JJ., CONCUR.