994 So.2d 1115 (2007)
OCEAN CLUB COMMUNITY ASSOCIATION, INC., Appellant,
v.
Peter CURTIS, Appellee.
No. 3D05-2381.
District Court of Appeal of Florida, Third District.
May 23, 2007.
*1116 Douberley & Cicero and Thomas A. Groendyke (Sunrise), for appellant.
Lorenzo & Capua and Peter M. Capua, for appellee.
Before SHEPHERD, SUAREZ, and ROTHENBERG, JJ.
PER CURIAM.
Ocean Community Club Association, Inc. appeals a final order denying its motion for attorney fees and costs made pursuant to Florida Rule of Civil Procedure 1.442, the "Proposal for Settlement" rule. Peter Curtis cross-appeals an award of costs to Ocean Club as the "overall prevailing party" in the litigation as a whole.
This is the third appearance of this case before this court. See Ocean Club Cmty. Ass'n, Inc. v. Curtis, 935 So.2d 513 (Fla. 3d DCA 2006) (Ocean Club II); Ocean Club Cmty. Ass'n, Inc. v. Curtis, 934 So.2d 522 (Fla. 3d DCA 2005) (Ocean Club I). In Ocean Club I, we affirmed per curiam an award of $1,717.82 obtained by Peter Curtis against Ocean Club on the conversion count of a three-count complaint. At the same time, we affirmed the trial court's dismissals in favor of Ocean Club on the other two counts brought by Curtis against Ocean Clubcounts for breach of contract and defamation. In Ocean Club II, we agreed with the trial court that Curtis was entitled to an award of attorney fees and costs under section 448.08 of the Florida Statutes (2004) for prevailing on the conversion count on the basis that the award in actuality was an award for unpaid wages within the meaning of that statute, but found error in the amounts awarded for both and reversed and remanded both the attorney fees and costs awards for reconsideration as to amount.
Because the amount of the recently reversed attorney fees award was an integral component of the decision of the trial court to deny Ocean Club's motion on review here,[1] we necessarily reverse the order under review without prejudice to the trial court to re-consider Ocean Club's motion after its re-determination of attorney fees and costs pursuant to our recent reversal and remand in Ocean Club II. See Marty v. Bainter, 727 So.2d 1124 (Fla. 1st DCA 1999)(stating that an award of attorney fees and costs predicated on a reversed or vacated final judgment also must be reversed). We also reverse the trial court *1117 order awarding costs to Ocean Club without prejudice. Although denying Ocean Club attorney fees and costs under Florida Rule of Procedure 1.442, the trial court nevertheless awarded Ocean Club costs, reasoning that it was the "overall prevailing party" in the case. Our reversal of the cost award to Ocean Club at this time should be considered procedurally driven given the present posture of this case, and not as an expression of this court's view of the "overall prevailing party" theory under which the award was made.
Reversed and remanded with directions.
NOTES
[1] Ocean Club made a $15,000 offer of judgment to Curtis. The trial court awarded Curtis' counsel $42,000 in attorney fees. See Ocean Club II, 935 So.2d at 517. This necessitated the denial of Ocean Club's motion. See § 768.79(6)(a), (b), Fla. Stat. (2006)(offer of judgment and demand for judgment); Fla. R. Civ. P. 1.442; White v. Steak & Ale, 816 So.2d 546 (Fla.2002)(explaining how the trial court must determine whether the offeror is entitled to recover attorney fees and costs).