PER CURIAM.
The United States appeals an award of attorneys’ fees to Charles and Shirley Morrison. The Morrisons were the prevailing party in a foreclosure action until this court reversed and remanded that case with directions to enter judgment for the United States and to dismiss the Mor-risons’ counterclaim with prejudice. United States v. Morrison, 28 So.3d 94 (Fla. 1st DCA 2010). “Once a final judgment is reversed and remanded by an appellate court, there can be no prevailing party for purposes of an award of prevailing party attorney’s fees. Consequently, an award of attorney’s fees and costs predicated on a reversed or vacated final judgment also must be reversed.” Marty v. Bainter, 727 So.2d 1124, 1125 (Fla. 1st DCA 1999). Accord, Dooley & Mack Constr., Inc. v. Buildtec Constr. Group, Inc., 983 So.2d 1243 (Fla. 3d DCA 2008); Viets v. Am. Recruiters Enters., Inc., 922 So.2d 1090 (Fla. 4th DCA 2006).
We reject the Morrisons’ argument that they prevailed on Count II in which the United States sought damages on two promissory notes that were secured by the mortgage. After the government filed the complaint, the Morrisons declared bankruptcy and the bankruptcy court granted a discharge, which enjoined creditors from attempting to collect debts of the Morrisons. The discharge did not bar the foreclosure proceeding. The trial court directed a verdict on Count II because the discharge barred continued prosecution of the cause of action. The discharge in bankruptcy court did not transform the debtors into the “successful party” in pending litigation in state court to collect on the debt.
REVERSED and REMANDED for further proceedings.
BENTON, PADOVANO, and CLARK, JJ., concur.