WARNER, J.
Prior to reversal of a judgment of $8,573,804 in favor of appellee, American Somax Ventures (“ASV”), the trial court *988 entered an award of attorney’s fees to the ASV of $3,553,376.09, based upon a lodestar amount and a Rowe contingency factor of 2.0. When the final judgment was reversed, the appellants moved for relief from the attorney’s fee judgment, because of the reversal of the underlying judgment. The trial court denied the same without a hearing. We reverse, concluding that a hearing is necessary to determine the proper attorney’s fee award.
The protracted dispute in this case arose out of a breach of contract lawsuit commenced by ASV in 2000 against the appellants, River Bridge Corporation and River Bridge Realty Corporation (collectively referred to as “River Bridge”). A detailed factual history of that litigation is set forth in this court’s opinion in River Bridge Corp. v. American Somax Ventures, 18 So.3d 648 (Fla. 4th DCA 2009). In brief, ASV had contracted with River Bridge to build homes in the first pod of a large development owned by River Bridge. Part of the contract obligated River Bridge to build amenities for the development and to market the homes built by ASV. River Bridge also gave ASV a right of first refusal for other pods in the development. ASV did not sell as many homes as it anticipated, and when River Bridge sent notices of its intent to sell the remaining pods, ASV considered these not in compliance with the right of first refusal and as constituting an anticipatory breach of contract.
Eventually, ASV filed suit for breach of contract in 2000. It alleged that River Bridge breached its contract both by failing to construct the amenities and by violating its right of first refusal. It also sued for a violation of the agreement to market the ASV homes.
As set forth in River Bridge, the jury made an award of $1,248,817 as damages for the River Bridge’s failure to build the amenities and properly market the property. The remaining sum [$7,324,987] was awarded for lost profits for each of the parcels subsequently built and sold by other builders in breach of the right of first refusal. Id. at 650. River Bridge appealed.
While the appeal was pending, ASV moved for and was awarded fees based upon the contract. The parties stipulated that ASV was entitled to fees as the prevailing party. The trial court applied a 2.0 contingency fee multiplier to a lodestar amount of $1,576,434.85 for an award of attorney’s fees in the amount of $3,152,869.70, plus prejudgment interest, resulting in a total fee judgment of $3,553,376.09. River Bridge appealed this judgment.
In River Bridge, this court reversed the award for breach of the right of first refusal, concluding that the testimony supporting the award of lost profits was too speculative to justify recovery. We remanded to the court to vacate that portion of the award. Thus, ASVs recovery was reduced by nearly 85%.
After the reversal, River Bridge moved the court for relief from the attorney’s fees judgment, arguing that the trial court should vacate the fee judgment and hold an evidentiary hearing to determine which party prevailed in the underlying action, and the amount of attorney’s fees and costs to which that party was entitled. During the pendency of the appeal of the fee judgment, this court relinquished jurisdiction for the trial court to consider appellants’ rule 1.540 motion. Without holding an evidentiary hearing, the trial court denied the motion, stating that it would have awarded the same amount had the jury awarded only the $1,248,817 which was upheld by the appellate court. River Bridge also appeals that order.
*989 We address the denial of the motion for relief from judgment first. We hold that the trial court erred in failing to conduct an evidentiary hearing on the motion.
Florida Rule of Civil Procedure 1.540(b)(5) provides for relief from a judgment where “a prior judgment or decree upon which it is based has been reversed or otherwise vacated.” In this case, the attorney’s fees award was based upon the earlier final judgment which was substantially reversed by our court. Where a judgment on which attorney’s fees are predicated is reversed, the attorney’s fees judgment should generally be reversed for further proceedings also. See, e.g., Viets v. Am. Recruiters Enters., 922 So.2d 1090, 1096 (Fla. 4th DCA 2006); Marty v. Bainter, 727 So.2d 1124, 1125 (Fla. 1st DCA 1999). Generally, an evidentiary hearing is required on a motion for relief, unless the allegations do not state a colorable entitlement to relief. See Schuman v. Int’l Consumer Corp., 50 So.3d 75 (Fla. 4th DCA 2010). Here, we conclude they do.
River Bridge contends that ASV is not the prevailing party after reversal of the right of first refusal portion of the judgment, which is a separate and distinct claim from the remaining claims on which it recovered. Although ASV claims that the various claims were'inextricably intertwined and arose out of a common core of facts, this is a matter substantially in dispute.
The determination of an award of attorney’s fees is within the sound discretion of the trial court and will not be disturbed on appeal, absent a showing of a clear abuse of that discretion. Centex-Rooney Constr. Co. v. Martin Cnty., 725 So.2d 1255, 1258 (Fla. 4th DCA 1999). “However, the determination of whether multiple claims within a lawsuit are separate and distinct is a matter of law to be reviewed de novo.” Anglia Jacs & Co. v. Dubin, 830 So.2d 169, 171 (Fla. 4th DCA 2002). Further, the party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible. Lubkey v. Compuvac Sys., Inc., 857 So.2d 966, 968 (Fla. 2d DCA 2003).
“[T]he party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney’s fees.” Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992). However, in a multicount action, where each claim is separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong, the prevailing party on each distinct claim is entitled to an award of attorney’s fees for those fees generated in connection with that claim. See Folta v. Bolton, 493 So.2d 440, 442 (Fla.1986).
 Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Pappert v. Mobilinium Assocs. V, 512 So.2d 1096, 1099 (Fla. 4th DCA 1987). Where the plaintiff achieved only limited success, the trial court should award only that amount of fees that is reasonable in relation to the results obtained. Id. However, in Chodo-row v. Moore, 947 So.2d 577 (Fla. 4th DCA 2007), we examined the principles to be applied in awarding fees where claims are inextricably intertwined:
In the event a party is entitled to an award of fees for only some of the claims involved in the litigation, i.e., because a statute or contract authorizes fees for a particular claim but not others, the trial *990 court must evaluate the relationship between the claims and “where the claims involve a ‘common core’ of facts and are based on ‘related legal theories,’ a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney’s fees were sought [or were authorized ].”
Id. at 579 (emphasis and alterations in original) (citations omitted).
In addition to the issue of whether claims are related or separate and distinct, the reversed final judgment changes the “results obtained,” a factor in determining the lodestar amount for fee calculation under Rowe. See Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985). As noted in Fashion Tile & Marble, Inc. v. Alpha One Constr. & Associates, Inc., 532 So.2d 1306 (Fla. 2d DCA 1988),
The results obtained factor may provide an independent basis for reducing the lodestar when a party prevails on a claim or claims for relief but is unsuccessful on other unrelated claims. Rowe. When a party prevails on only a portion of the claims made in the litigation, the trial court is required to evaluate the relationship between the amount of the fee awarded and the extent of success.
Id. at 1308.
An evidentiary hearing is necessary on these two issues. First, the court must address whether the issue of the right of first refusal constitutes a distinct claim which can be separated from the other issues.[1] At the original hearing on attorney’s fees, the parties did not discuss the interrelatedness of the various claims. They didn’t have to. ASV had prevailed on all claims. With this court’s reversal, ASV has not prevailed on the right of first refusal claim. Our own review of the prior appeal, as well as the attorney’s fees hearing, indicates that the evidence presented on the right of first refusal claim appears to have been distinct and different from the evidence in support of the other claims, particularly with respect to damages. The parties also appear to have treated the claim for breach of the right of first refusal as separate and distinct from their other contractual claims, as the jury entered separate awards for damages on this claim. Without this issue being addressed in an evidentiary hearing, the record does not support ASV’s contention that the claims were inextricably intertwined.
Even though all claims arose out of the same contractual relationship, they can be separate and distinct for purposes of an award of prevailing party attorney’s fees. See, e.g., Avatar Dev. Corp. v. DePani Constr., Inc., 883 So.2d 344, 346 (Fla. 4th DCA 2004) (holding that construction lien claim was separate and distinct from claim for loss of future profits pled in a separate count, such that the prevailing party on each claim was entitled to attorney’s fees); Rosen Bldg. Supplies, Inc. v. Krupa, 927 So.2d 899, 900 (Fla. 4th DCA 2005) (holding that claim for unpaid wages was separate and distinct from claim for wrongful termination); Fielder v. Weinstein Design Group, Inc., 842 So.2d 879, 880 (Fla. 4th DCA 2003) (holding that interior designer’s claim for unpaid merchandise was separate and distinct from client’s counterclaim for improper charges even though both claims were based on a single contractual relationship); Warshall v. Price, 629 So.2d 905, 908 (Fla. 4th DCA 1993) (“The claim for failure to negotiate the partnership agreement in good faith, however, could have been researched, litigated *991 and billed by Price’s counsel without the initial employment agreement ever existing.”). To the extent that it is separate, ASV would not be entitled to attorney’s fees for prosecuting it.
Second, even if the trial court concludes that the claims are not separate, the results obtained have drastically changed. This may or may not require a reduction of the amount claimed. At the very least, the court should review those significant portions of attorney’s fees and costs related to the proof of damages which was entirely rejected in our prior opinion and caused the reversal of the damage award.
As to the issues raised on the original appeal of the fee judgment, we affirm the trial court’s application of a 2.0 contingency fee risk multiplier, as it is supported by competent substantial evidence.
We thus reverse and remand for the trial court to conduct an evidentiary hearing in accordance with this opinion.
LEVINE and CONNER, JJ., concur.

. The trial judge who conducted the hearing on attorney's fees did not also try the case and thus did not have personal knowledge of the various issues and how the case was tried.