DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MEDERI CARETENDERS VISITING SERVICES OF SOUTHEAST FLORIDA, LLC,** and **ALMOST FAMILY, INC.,** a Delaware Corporation,
Appellants,

v.

**ELIZABETH WHITE,**
Appellee.

Nos. 4D14-488 and 4D14-2460

[December 2, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562011CA003562.

Patrick M. Muldowney, Marilyn G. Moran, Tiffany L. Cummins and James Seegers of Baker & Hostetler LLP, Orlando, for appellants.

Margaret Cooper of Jones, Foster, Johnston & Stubbs, P.A., Jane Kreusler-Walsh and Stephanie L. Serafin of Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, Joel C. Zwemer and Daryl J. Krauza of Dean, Mead, Minton & Zwemer, Fort Pierce, for appellee.

PER CURIAM.

Appellant, a home health care provider, challenges a final summary judgment denying enforcement of a non-compete covenant and dismissing a tortious interference claim on the authority of *Florida Hematology & Oncology v. Tummala*, 927 So. 2d 135 (Fla. 5th DCA 2006). *Tummala* held that referral sources for patients in the health care industry were not "legitimate business interests" protectable pursuant to section 542.335, Florida Statutes (2004). Appellant also sought to protect referral sources as business interests in this case.

Recently, in *Infinity Home Care, LLC v. Amedisys Holding, LLC*, 40 Fla. L. Weekly D1929 (Fla. 4th DCA Aug. 19, 2015), we concluded that referral sources are protectable legitimate interests and that an employment contract containing non-compete and non-solicitation provisions was enforceable. On the authority of *Infinity Home Care*, we reverse the final

summary judgment and remand for further proceedings. As we did in *Infinity*, we certify conflict with *Tummala.*

Appellant also appealed an order granting attorney's fees to appellee in case no. 4D14-2460. We consolidate that case with the main appeal for purposes of disposition. Because we are reversing the main appeal, we also reverse the order awarding attorney's fees. *See River Bridge Corp. v. Am. Somax Ventures*, 76 So. 3d 986, 989 (Fla. 4th DCA 2011); *Viets v. Am. Recruiters Enters., Inc.*, 922 So. 2d 1090, 1096 (Fla. 4th DCA 2006).

*Reversed and remanded for further proceedings; conflict certified.*

WARNER, STEVENSON and FORST, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

2