ORFINGER, J.
New Dirt, Inc. appeals a final judgment entered on the jury’s verdict finding that it breached an oral agreement with Michael Harrison. Harrison cross-appeals the trial court’s reduction of the damages awarded to him based on the court’s ruling that the statute of frauds, barred part of his claim. We affirm in part and reverse in part.
In April 2010, Michael Harrison, and David Cattell co-founded New Dirt. After a business dispute arose, New Dirt brought suit against Harrison, asserting claims of civil theft, conversion, and breach of fiduciary duty. Harrison counterclaimed, arguing that New Dirt had not paid him an agreed upon salary or loans and advances that he had made to the company or on its behalf. The jury determined that Harrison was not liable for civil theft or breach of fiduciary duty, but-found him liable for conversion, although no damages were awarded. On Harrison’s counterclaims, the jury concluded that New Dirt and Harrison had entered an oral contract for payment of a salary and to lend monies, New Dirt breached the oral contract by failing to pay Harrison, and awarded damages. Ultimately, ■ the court reduced the jury’s verdict, concluding that the statute of frauds barred Harrison’s monies lent claim and entered a final judgment in favor of Harrison.
We affirtn the trial court’s rulings and the jury’s verdict on New Dirt’s tort claims against Harrison without further comment. We agree with Harrison that the trial court erred in applying the statute of frauds to the monies lent claim. Because it was possible for the monies lent agreement to be performed in a year, the statute of frauds was not implicated. Browning v. Poirier, 165 So.3d 663, 666 (Fla.2015); see Loper v. Weather Shield Mfg., Inc., — So.3d -, 40 Fla. L. Weekly D1492, 2015 WL 3875549 (Fla. 1st DCA June 24, 2015) (explaining that, when parties do not fix definite time for performance of agreement, and there is nothing in its terms to show that it could not be performed within a year according to its intent and understanding of parties, it should not be construed as being within statute of frauds). Notwithstanding, we reverse the final judgment since Harrison failed to establish that the loan was due and owing because all of the conditions precedent had not occurred.
For there to be an enforceable oral contract, there must be an offer, an acceptance, consideration, and sufficient specification of essential terms so that the obligations involved can be ascertained. See St. Joe Corp. v. McIver, 875 So.2d 375, 381 (Fla.2004). As with written contracts, “[t]he fact that nonessential- terms remain open is not fatal to an oral contract.” Id. Here, both before and after New Dirt was incorporated, Harrison and Cattell undertook to memorialize various agreements and discussions they had during the formation stages of their enterprise, which included emails and employment contracts. To that end, Cattell provided Harrison with a draft of a written employment *775 agreement, which had no salary or development debt provision. Harrison revised the draft employment agreement to include a provision for salary and development debt, but recognized that no payment would occur until New Dirt was profitable, informing Cattell “[o]bviously, this current ‘development debt’ is no different from the future ‘salary debt’ as there can be no guarantee of payment unless/until the company is profitable.” In response, Cat-tell stated that the salaries should be $100,000 each, but “have it as debt until we could generate cash to pay.” Harrison agreed that his salary should be $100,000, and that the salary payments should “start together when we can afford it and pay out at an equal percentage (%) if 100% is not possible.” Harrison’s salary, cash loans, and development debt was later reflected in the company books and records as liabilities of New Dirt. Consequently, while a written agreement was,never executed, as the jury found, there was an enforceable agreement requiring New Dirt to pay Harrison a salary and repay the money that he lent to New Dirt if and when New Dirt had the available funds or was sold.
While Harrison adequately proved that there was an oral agreement to pay him a salary and repay the monies that he lent, he did not demonstrate that New Dirt failed to comply with all conditions required by the contract because he presented no evidence that New Dirt could afford to, but did not, pay, as required by the oral agreement. See Reilly v. Reilly, 94 So.3d 693, 697 (Fla. 4th DCA 2012) (“Conditions precedent to an obligation to perform are those acts or events, which occur subsequently to the making of a contract, that must occur before there is a right to immediate performance and before there is a breach of contractual'duty.”); Alvarez v. Rendon, 953 So.2d 702, 708 (Fla. 5th DCA 2007) (“A condition precedent has been defined as one which calls for the performance of some act,- or the happening of some event after a contract is entered into, upon the performance or happening of which its obligation to perform is made to depend.”); “When the happening of a condition precedent is an element of a contract, no recovery can be had -with regard to performance of the contract absent substantial compliance with the condition precedent.” Seaside Cmty. Dev. Corp. v. Edwards, 573 So.2d 142, 145 (Fla. 1st DCA 1991); see Allstate Floridian Ins. Co. v. Farmer, 104 So.3d 1242, 1246 (Fla. 5th DCA 2012) (“Courts require there to be at least substantial compliance with conditions precedent in order to authorize performance of a contract.”). Therefore, we reverse the final judgment.
New Dirt also appeals a final judgment granting attorney’s fees and costs to Harrison in Case No. 5D14-4287. We consolidate that case^ with the' main appeal for purposes of disposition. Because we reverse the main appeal, we also reverse the final judgment awarding attorney’s fees to Harrison. Mederi Caretenders Visiting Servs. of Se. Fla., LLC v. White, No. 4D14-2460, 179 So.3d 564, 564, 2015 WL 7752751, at *1 (Fla. 4th DCA Dec. 2, 2015); River Bridge Corp. v. Am. Somax Ventures, 76 So.3d 986, 989 (Fla. 4th DCA 2011); Viets v. Am. Recruiters Enters., Inc., 922 So.2d 1090, 1096 (Fla. 4th DCA 2006); Marty v. Bainter, 727 So.2d 1124, 1125 (Fla. 1st DCA 1999).
AFFIRMED IN PART AND REVERSED IN PART.
SAWAYA and COHEN, JJ., concur.