IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TRAVELERS HOME AND MARINE
INSURANCE COMPANY,

      Appellants,

 v.

MICHAEL J. GALLO AND
TYLER R. BROCK,

      Appellees.

Case No.  5D16-3158
and  5D16-4214

_____/

Opinion filed June 1, 2018

Appeal from the Circuit Court
for Brevard County,
George W. Maxwell III, Judge.

Jack R. Reiter, Jordan S. Kosches,
and Tiffany M. Walters, of GrayRobinson,
P.A., Miami, for Appellants.

Christopher V. Carlyle, of The Carlyle
Appellate Law Firm, Orlando, and O.
John Alpizar and Andrew B. Pickett,
of Alpizar Law, LLC, Palm Bay,
for Appellee, Michael Gallo.

No Appearance for Appellee,
Tyler R. Brock.

LAMBERT, J.

     In these consolidated appeals, Travelers Home and Marine Insurance Company

("Travelers") challenges the final judgment entered against it and in favor of the insured,

Michael J. Gallo ("Gallo"), after the jury returned a verdict for Gallo on his uninsured/underinsured motorist claim against Travelers. Travelers also contests the separate final judgments awarding Gallo attorney's fees under section 768.79, Florida Statutes (2014), and Florida Rule of Civil Procedure 1.442 and taxing court costs. We find merit in one of the four arguments raised by Travelers. Concluding that the trial court erred in disallowing one of Travelers' peremptory challenges, we reverse and remand for a new trial.

A peremptory challenge is one of the primary tools by which a party removes an unfavorable juror from the jury panel. *Spencer v. State*, 238 So. 3d 708, 711 (Fla. 2018) (citing *Hayes v. State*, 94 So. 3d 452, 460 (Fla. 2012)). Traditionally, peremptory challenges, which are limited in number, have been exercised "according to a party's unfettered discretion," *id.* (quoting *Hayes*, 94 So. 3d at 459), with the only limitation being that they not be used to purposely discriminate against members of a distinctive group by excluding them from jury service. *Id.* (citing *Batson v. Kentucky*, 476 U.S. 79, 97 (1986)). To provide some clarity and direction to trial courts when faced with the possibility that a party is exercising a peremptory challenge in a purposely discriminatory manner, the Florida Supreme Court established the following three-step process and analysis to be applied under such circumstances (e.g., alleged racial discrimination):

> A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.
>
> At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral

explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. Throughout the process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.

*Melbourne v. State*, 679 So. 2d 759, 764 (Fla. 1996) (footnotes omitted).

In the present case, following voir dire of the venire, Travelers used a peremptory challenge to strike an African-American female as a juror. Consistent with Step 1 of *Melbourne*, Gallo's trial counsel timely objected, placed on the record that the venireperson is a member of a distinct racial group, and requested a race-neutral reason for the strike. At that point, in an effort to comply with Step 2, Travelers' counsel explained that based upon his personal observations of the prospective juror, he was striking her because she was inattentive and did not appear engaged in the jury selection process, thus giving counsel concern that if seated as a juror, this individual would not be "focused," "pay attention," and "actually consider the evidence." At that point, and without requesting a response from Gallo's counsel, the trial court determined that Travelers' explanation or basis for the strike was "legally insufficient." This, however, was incorrect because much like verbal responses to questioning, a juror's lack of interest, inattentiveness, or other nonverbal behavior can constitute a racially neutral reason (Step 2) for a peremptory strike. *Dorsey v. State*, 868 So. 2d 1192, 1196 (Fla. 2003).

Immediately after the trial court found the strike to be legally insufficient, Gallo's counsel placed on the record that his observations of this juror "were completely opposite of [Travelers'] counsel." This is not uncommon and may simply illustrate that "[a] person's demeanor, subjective as it is, is subject to more than one interpretation." *See People v.*

*Munson*, 662 N.E.2d 1265, 1275 (Ill. 1996).  Under such circumstances, when the parties disagree as to the existence of the nonverbal behavior proffered as the basis for the peremptory challenge, the only way that the proponent of the strike can satisfy the burden of production of its race-neutral reason under *Melbourne*'s second step is "if the behavior is observed by the trial court or otherwise has record support."  *Dorsey*, 868 So. 2d at 1199.  Importantly, *if* this burden of production is satisfied, then the proponent of the strike is entitled to the presumption that the proffered race-neutral reason for the strike based upon the juror's nonverbal behavior is genuine (Step 3).  *Id.*  Conversely, if the potential juror's nonverbal behavior is disputed by opposing counsel and is *not* observed by the trial court nor otherwise supported by the record, then the nonverbal behavior is not a proper basis under Step 2 of *Melbourne* to sustain a peremptory challenge as genuinely race neutral.  *Id.* at 1202–03; *see also Wright v. State*, 586 So. 2d 1024, 1029 (Fla. 1991) (holding that "[p]eremptory challenges based on bare looks and gestures are not acceptable reasons unless observed by the trial judge and confirmed by the judge on the record").

Here, after Gallo's counsel disagreed with Travelers' assessment of the prospective juror's nonverbal behavior, the trial court next commented that the juror was "not particularly different" from other "introverted" venirepersons that it sees on a regular basis, but it specifically agreed with Travelers' counsel's observation that this juror was "not particularly engaged."  Thus, under *Dorsey*, Travelers, as the proponent of the strike, was entitled to the presumption that its proffered reason for the strike was genuine.  The court further elaborated that Travelers' counsel was "well-intentioned" in moving to strike the juror and that it did not believe that counsel was "making a race-based strike."  The

4

court reiterated that it did not find counsel's explanation for the strike to be "disingenuous" and that it would not "disparage an attorney [who] attempts to make a strike on a visibly less than active participant in the [jury selection] process."  The trial court nevertheless reaffirmed its ruling that Travelers' reason for striking the juror was legally insufficient, concluding that a venireperson appearing to have an "introverted personality" is not a sufficient race-neutral reason for a peremptory challenge.  The jury was sworn shortly thereafter, with the individual remaining on the jury.

The following trial day, before opening statements, the court and counsel again discussed this juror.  The court first confirmed that the day before, and prior to the jury being sworn, it never reached Step 3 of the *Melbourne* analysis as to whether the reason offered by Travelers for striking this juror was genuine.  The court again recognized that Travelers had a "bona fide"[1] belief that the juror was not engaged, but it found that to be "irrelevant" to evaluating whether it was a race-neutral reason for the strike.  The court then offered that it never saw the juror "fall asleep"[2] and did not see the juror exhibit a "lack of attention."  Additionally, although Travelers never moved to strike the juror because she was "introverted," the court also concluded that Travelers' striking of an introverted person from a jury is neither genuine nor relevant and is a "completely deficient race-neutral reason" for the strike.

We conclude that the trial court misapplied and conflated the *Melbourne* analysis and thus erred in disallowing the strike.  First, we begin with the premise and reminder

---

[1]  Black's Law Dictionary defines "bona fide" as "1.  Made in good faith; without fraud or deceit.  2.  Sincere; genuine."  *Bona fide*, Black's Law Dictionary (10th ed. 2014).

[2] Travelers never asserted that this juror fell asleep during voir dire.

that a peremptory challenge is presumed to be exercised in a nondiscriminatory manner and that the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination. *Melbourne*, 679 So. 2d at 764. Here, the trial court never altered its earlier observation, consistent with that of Travelers' counsel, that the juror was not particularly engaged. Under *Dorsey*, this satisfied Step 2 under *Melbourne* and established a presumption that Travelers' use of its peremptory challenge on this juror was genuine. 868 So. 2d at 1199.

This determination triggered the trial court's obligation to undertake a Step 3 "genuineness" analysis prior to disallowing the juror strike and swearing the jury. The court admitted that it did not do this nor did it find any reason to do so because it concluded that the race-neutral reason proffered by Travelers for the strike was "legally insufficient." Moreover, a Step 3 "genuineness" analysis under *Melbourne* focuses not only on the proffered reason for the strike but also on the credibility of the attorney or party proffering the reason. *See Young v. State*, 744 So. 2d 1077, 1082 (Fla. 4th DCA 1999) ("[I]dentifying the true nature of an attorney's motive behind a peremptory strike turns primarily on an assessment of the attorney's credibility."). Here, the trial court repeatedly recognized that Travelers' counsel's reason and explanation for the strike was genuine. Finally, the presumption that Travelers' peremptory challenge was genuine could have been rebutted by other relevant factors such as "the racial makeup of the venire; prior strikes exercised against the same racial group; a strike based on a reason equally applicable to an unchallenged venireperson; or singling out the venireperson for special treatment." *See Rodriguez v. State*, 753 So. 2d 29, 40 (Fla. 2000) (citing *Melbourne*, 679 So. 2d at 764 n.8). However, there is no indication in our record that the trial court either expressly or

6

impliedly undertook this analysis prior to disallowing this strike or that Gallo, as the opponent of the strike, separately made this argument.

Accordingly, we reverse and remand for a new trial. *See Hayes*, 94 So. 3d at 461 ("[T]he proper remedy when the trial court fails to abide by its duty under the *Melbourne* procedure is to reverse and remand for a new trial."). Lastly, having reversed the underlying judgment in favor of Gallo, we also reverse the separate final judgments awarding him attorney's fees and court costs. *See Marty v. Bainter*, 727 So. 2d 1124, 1125 (Fla. 1st DCA 1999) ("[A]n award of attorney's fees and costs predicated on a reversed or vacated final judgment also must be reversed.").

REVERSED and REMANDED.

PALMER and ORFINGER, JJ., concur.