393 So.2d 642 (1981)
Mary Jane SLOAN, Appellant,
v.
William C. SLOAN, Appellee.
No. 80-593.
District Court of Appeal of Florida, Fourth District.
February 11, 1981.
*643 H.C. Feige of Patterson, Maloney, Blyler & Feige, Fort Lauderdale, for appellant.
Arthur M. Wolff of Wolff & Gora, Fort Lauderdale, for appellee.
HURLEY, Judge.
Here the trial court disapproved a finding and recommendation of a special master and thereafter granted appellee/husband's motion for relief from judgment. We disagree with the rationale of the trial court, but affirm for a different reason.
Appellee/husband failed to attend the final hearing in his divorce action on May 24, 1979. Nevertheless, the hearing was held and resulted in the trial court granting appellant/wife's petition for dissolution. The husband then filed a motion for rehearing pursuant to Rule 1.530, Fla.R.Civ.P. We have not been favored with a transcript of the rehearing proceedings, but the record reflects that the motion for rehearing was denied on September 12, 1979, and that the husband did not appeal this ruling.
Next, on November 29, 1979, the husband filed a motion for relief from judgment pursuant to Rule 1.540(b), Fla.R.Civ.P. The court referred the matter to a special master who, in turn, conducted an evidentiary hearing. The husband, as movant, testified about his failure to attend the May 24th final hearing. The wife then attempted to block this testimony by asserting the defense of res judicata. She contended that the husband was precluded from obtaining relief under Rule 1.540(b) since, she said, he was rearguing the same grounds which he had asserted in his motion for rehearing. Neither the transcript of the rehearing proceeding nor any testimony was offered to support this contention. The wife's lawyer, however, stated that he had been present at the hearing and that in fact, the husband was rearguing the identical issues. Defense counsel did not stipulate to these facts, but merely informed the master that he had not represented the husband at the time of the motion for rehearing and therefore had not been present at the hearing.
The special master filed a report which contained this finding:
Respondent's [husband's] Motion for Rehearing of the Final Judgment has previously been denied by this Court's Order of September 12, 1979, and the same issues are involved in Respondent's Motion for Relief from Final Judgment which was the subject of this hearing.
Accordingly, the master recommended that the husband's motion for relief from judgment be denied.
*644 The trial court,[1] rejected the master's finding and recommendation, stating:
This Court is pursuaded [sic] that Respondent's failure to attend the Final Hearing had on May 24, 1979, was the result of mistake, inadvertence or excusable neglect. Respondent has not heretofore in this proceeding displayed a lack of diligence in the prosecution of his Counterclaim, thus the ends of justice would best be served by affording him his day in Court on his Counterclaim under the authority of Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (4th DCA 1971).
Therefore, the trial court granted husband's motion for relief from judgment and scheduled a final hearing for the purpose of considering the husband's counterclaim filed in the divorce action.
Putting the case in proper perspective, we believe the wife was correct in stating that a party may not utilize a motion for relief from judgment under Rule 1.540(b), Fla.R.Civ.P., to relitigate issues which have been previously litigated in a motion for rehearing pursuant to Rule 1.530, Fla.R.Civ.P. If the grounds are identical, a party's failure to seek appellate review of the order denying the motion for rehearing precludes further judicial review. Cf. Perkins v. Salem, 249 So.2d 466 (Fla. 1st DCA 1971). The critical issue in this case, however, is whether the wife established the defense of res judicata by competent and substantial evidence. We conclude that she did not.
The general principles governing the acceptance or rejection of a special master's report were set forth in Frank v. Frank, 75 So.2d 282, 285 (Fla. 1954):
... [I]f a special master is appointed, by agreement or consent of the parties to a chancery cause, with authority to make findings of fact, conclusions of law and recommendations, his findings and recommendations should be approved and adopted by the chancellor unless clearly erroneous or it appears that the master has misconceived the legal effect of the evidence. Of course, the master's findings of fact would be clearly erroneous if the record should fail to contain evidence in support thereof which is both competent and substantial. (Citations omitted).
Applying these principles to the case at bar, we hold that the trial court was fully justified in rejecting the master's finding of res judicata since it was not supported by any evidence. As indicated above, neither the transcript of the rehearing proceeding, nor any sworn testimony, was offered into evidence. It is, of course, fundamental that representations by counsel, absent a stipulation, when not made under oath and subject to cross-examination, are not evidence. Cf. Allred v. Chittenden Pool Supply, Inc., 298 So.2d 361 (Fla. 1974). Therefore, the trial court was eminently correct in rejecting a finding which was not supported by competent and substantial evidence.
Since appellant/wife has failed to demonstrate that the trial court abused its discretion in granting appellee/husband's motion for relief from judgment, we apply the maxim that an order of the trial court "arrives in the appellate court clothed with the presumption of its correctness and will be affirmed if it can be supported on any theory." Beck v. Beck, 383 So.2d 268, 272 (Fla.3d DCA 1980). Accordingly, the order under appeal is
AFFIRMED.
HERSEY and GLICKSTEIN, JJ., concur.
NOTES
[1] The trial judge who granted the dissolution denied the husband's motion for rehearing and referred the husband's motion for relief from judgment to the special master, apparently was transferred to another division of the court. Therefore, the master's report was submitted to a successor judge who obviously did not have personal knowledge of the issues ruled upon in husband's motion for rehearing.