PER CURIAM.
On April 25, 1985, after a five-day hearing, the trial court entered an order terminating appellant’s right of visitation with his children. Appellant filed a timely appeal, but subsequently dismissed the appeal. In April, 1986, appellant filed a “Rule 1.540 motion to disqualify” in which he alleged, among other things, that the trial court should have vacated the April 25, 1985 order because of certain evidentia-ry rulings, res judicata, collateral estoppel, forum shopping and because the trial judge admitted during a pretrial hearing that he had discussed the case with a predecessor judge. The trial court denied appellant’s motion.
On appeal, appellant contends the doctrines of res judicata and collateral estop-pel barred the trial court’s April 25, 1985 order and that the trial court sitting as an equity court should not have allowed appel-lee to go to trial because of forum shopping and her alleged violation of court orders. Appellant also contends that the judgment is void because the trial judge discussed the case with a predecessor judge.
The supreme court in Bland v. Mitchell, 245 So.2d 47 (Fla.1970), limited the scope of appellate review of an order denying (or granting) a motion filed pursuant to Rule 1.540, Florida Rules of Civil Procedure:
We emphasize that, as pointed out by the district court in Rogers [v. First Nat. Bank at Winter Park, 223 So.2d 365 (Fla. 4th DCA 1969) ], supra, a denial (or granting) of a motion to vacate a final judgment cannot on appeal bring up for review the merits of the final judgment sought to be vacated. The inquiry must be confined to determining whether in ruling on the motion the trial court abused its discretion on the facts and circumstances asserted in the motion’s behalf. The motion does not affect the finality of the final judgment or suspend its operation. [Footnotes omitted.]
Id. at 48.
In Sloan v. Sloan, 393 So.2d 642, 644 (Fla. 4th DCA 1981), this court said:
[A] party may not utilize a motion for relief from judgment under Rule 1.540(b), Fla.R.Civ.P., to relitigate issues which have been previously litigated in a motion for rehearing pursuant to Rule 1.530, Fla.R.Civ.P. If the grounds are identical, a party’s failure to seek appellate review of the order denying the motion for rehearing precludes further judicial review. Cf. Perkins v. Salem, 249 So.2d 466 (Fla. 1st DCA 1971).
It appears from the record in this appeal that the issues raised in appellant’s 1.540 motion could have been decided in his direct appeal from the order terminating his right of visitation with his children. Appellant’s failure to pursue that appeal precludes this court, on review of an order denying a motion for relief from judgment, from reviewing questions that could have been decided on direct appeal. Sloan v. Sloan, supra.
Appellant also contends that the judgment is void because prior to the April, 1985 hearing the trial judge admitted during a pretrial conference that he [the trial judge] had discussed the case with a predecessor judge. Appellant did not move to disqualify the trial judge until approximately one year after he had suffered an adverse ruling. The Supreme Court concluded in Fischer v. Knuck, 497 So.2d 240 (Fla.1986) that a motion to disqualify a judge is not timely when delayed until after the movant has suffered an adverse ruling:
In addition, the motion was not timely. Rule 1.432 requires that a motion to disqualify be made within a reasonable time after discovering the facts upon which the motion is based. The instant motion was filed eleven days after all the testimony had been taken and five days after the judge had announced his ruling. One of the purposes of the timeliness requirement is to avoid the adverse effect on the other party to the proceeding and the problems of a retrial with its resulting costs and delay. A motion for recusal is considered untimely when delayed until *975 after the moving party has suffered an adverse ruling unless good cause for delay is shown. Data Lease Financial Corp. v. Blackhawk Heating & Plumbing Co., 325 So.2d 475 (Fla. 4th DCA 1975).
Id. at 243.
Appellant failed to timely raise his motion to disqualify the trial judge and we hold that he cannot now assert this ground as a basis for Rule 1.540 relief.[1] Accordingly we affirm the trial court’s order denying appellant’s motion for relief from judgment.
AFFIRMED.
DELL, JOHN W., GUNTHER, BOBBY W., and STONE, BARRY J., Associate Judges, concur.

. We express no opinion as to the sufficiency or lack of sufficiency of the allegations made by appellant in support of his motion to disqualify.