641 So.2d 955 (1994)
William J. SACCO and Gregory D. Sacco, Appellants,
v.
Douglas SLAVIN, M.D., Appellee.
No. 92-2265.
District Court of Appeal of Florida, Third District.
September 7, 1994.
*956 Waks & Barnett and Andrew L. Waks, Miami, for appellants.
Steinberg & Slewett and Robert H. Yaffe, Miami Beach, for appellee.
Before SCHWARTZ, C.J., and COPE and GERSTEN, JJ.
COPE, Judge.
William J. Sacco and Gregory D. Sacco appeal an order denying relief from judgment. We affirm.
Douglas Slavin, M.D. brought suit against William J. Sacco and Gregory D. Sacco in a commercial dispute. A trial order was issued setting the case for nonjury trial on Monday, June 22, 1992.
On or about June 10, 1992 defendants discharged defense counsel. Defendants assert that defense counsel requested an additional fee to try the case, which fee the defendants thought was excessive. Defendants indicated that they would hire substitute counsel. By affidavit defendant Gregory D. Sacco states that defense counsel "advised me that he would obtain a postponement of the trial so that I would have sufficient time to substitute an attorney in his place and I relied on that statement."[1] The affidavit also states that defendants' decision to obtain substitute counsel was reached in consultation with their New Jersey counsel.
Defense counsel promptly filed a motion to withdraw. The motion also requested a continuance of trial if necessary in order for defendants to obtain substitute counsel. The motion was noticed for hearing for Friday, June 19 at calendar call.
At calendar call on June 19 the trial court granted the motion of counsel to withdraw, but denied the continuance. The case therefore remained on the calendar for Monday, June 22. It appears that withdrawing counsel promptly took steps to advise defendants of the court's ruling. However, according to the affidavit of Gregory D. Sacco, defendants did not obtain actual notice that the continuance had been denied until the afternoon of June 22, after the trial was already under way. As defendants were in New Jersey, they could not physically travel to the court the same day. Consequently there was no appearance by defendants in person or through counsel. The trial concluded on June 22.
On June 24 the trial court entered final judgment in favor of plaintiff for approximately $28,000. Defendants received a copy of the judgment the same day.
Defendants did not file a motion for rehearing. On July 17, 1992, approximately one week prior to the expiration of the appeal time, defendants' newly-hired counsel called plaintiff's counsel and proposed settlement. On July 21 plaintiff made a counter-proposal. The appeal time expired on July 24.
On August 21, 1992, defendants moved for relief from judgment under Florida Rule of Civil Procedure 1.540. The Rule authorizes relief from judgment for, among other things, "mistake, inadvertence, surprise, or excusable neglect." Fla.R.Civ.P. 1.540(b)(1). After hearing argument of counsel, the trial court denied the motion. Defendants have appealed.
The principal difficulty we have with the defendants' position is their failure to file a motion for rehearing or to take an appeal. Defendants learned of the entry of judgment on June 24, the same day it was entered. Defendants had ten days to move for rehearing, see Fla.R.Civ.P. 1.530(b), and thirty days within which to file a notice of appeal. The gist of the defendants' position is that the trial court abused its discretion in allowing defense counsel to withdraw without allowing at least a brief continuance to obtain substitute counsel. That argument could have *957 been raised by motion for rehearing or upon appeal from the final judgment. See Castellanos v. K-Mart Store, 632 So.2d 1057 (Fla. 3d DCA 1994); Castle Club Corp. v. Liberty Int'l, Inc., 598 So.2d 263 (Fla. 3d DCA 1992); Hub Financial Corp. v. Olmetti, 465 So.2d 618 (Fla. 4th DCA 1985).
The Florida Supreme Court has said that Rule 1.540 "was not `intended to serve as a substitute for the new trial mechanism prescribed by Rule 1.530 nor as a substitute for appellate review of judicial error.'" Curbelo v. Ullman, 571 So.2d 443, 444 (Fla. 1990) (citation omitted); see also Rutshaw v. Arakas, 549 So.2d 769, 770 (Fla. 3d DCA 1989), and cases cited therein. Here, as in Curbelo, defendants "had notice of the proceedings and had ample time to move for a new trial or file a notice of appeal." 571 So.2d at 445. We conclude that the order denying relief from judgment must be affirmed.
Affirmed.
NOTES
[1] The trial court disposed of the motion for relief from judgment without an evidentiary hearing. For present purposes we treat defendant Gregory D. Sacco's rendition of the facts as being true.