SHEPHERD, J.,
dissenting.
Because Appellee’s May 29, 2007 motion to vacate order was filed more than four months after the trial court entered its January 9, 2007 order of dismissal with prejudice, and because none of the exceptions under Florida Rule of Civil Procedure 1.540(b) apply, we have no recourse but to reverse the order on appeal. See Curbelo v. Ullman, 571 So.2d 443, 444 (Fla.1990) (“[Florida Rule of Civil Procedure 1.540] was [neither] ‘intended to serve as a substitute for the new trial mechanism prescribed by Rule 1.530 nor as a substitute for appellate review of judicial error.’ ” (quoting Fiber Crete Homes, Inc. v. Div. of Admin., 315 So.2d 492, 493 (Fla. 4th DCA 1975))); Commonwealth Land Title Ins. Co. v. Freeman, 884 So.2d 164 (Fla. 2d DCA 2004); Tucker v. Ohren, 739 So.2d 684 (Fla. 4th DCA 1999); Barnett v. Barnett, 718 So.2d 302 (Fla. 2d DCA 1998); Sacco v. Slavin, 641 So.2d 955 (Fla. 3d DCA 1994).
The trial court had neither jurisdiction nor discretion to vacate its January 9 order of dismissal with prejudice. See Buonopane v. Ricci 603 So.2d 713, 714 (Fla. 4th DCA 1992) (“Subject to limited exceptions, an order dismissing an action with prejudice divests the trial court of jurisdiction to preside over the parties and their dispute.”). Accordingly, I would reverse the order on appeal.