IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TRAVELERS COMMERCIAL
INSURANCE COMPANY, AN
AFFILIATE OF TRAVELERS
INSURANCE CO., AND
TRAVELERS CASUALTY AND
SURETY COMPANY,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NOS. 1D15-1121/1D15-3480

        Appellants,

v.

CRYSTAL MARIE
HARRINGTON,

        Appellee.

_____/

Opinion filed February 26, 2016.

An appeal from the Circuit Court for Columbia County.
Wesley R. Douglas, Judge.

James P. Waczewski, of Luks, Santaniello, Petrillo & Jones, Tallahassee, for
Appellants.

Stephen C. Bullock, of Brannon Brown Haley & Bullock, P.A., Lake City, for
Appellee.


SWANSON, J.

        We have for review two consolidated appeals both arising from two orders,

each denying appellants' motions to vacate judgments awarding "prevailing party"

appellate attorneys' fees to appellee, Crystal Harrington. For the following reasons, we reverse.

In 2012 this Court affirmed in part and reversed in part a final summary judgment favorable to appellee involving the stacking of uninsured motorist benefits and the amount of benefits recoverable by her, while certifying two questions to the Florida Supreme Court regarding those issues. See Travelers Commercial Ins. Co. v. Harrington, 86 So. 3d 1274, 1278 (Fla. 1st DCA 2012) (Travelers I). In addition, we granted appellee's motion for "prevailing party" attorneys' fees pursuant to section 627.428, Florida Statutes, and remanded the case to the trial court to determine the amount. Our mandate issued on May 10, 2012. Travelers Commercial Insurance Company ("Travelers" or "appellant") did not move to stay the mandate but, instead, petitioned the Florida Supreme Court to review our decision.

On August 24, 2012, while review was pending in the supreme court, the trial court entered a final judgment against Travelers for appellate attorneys' fees and costs in the amount of $147,805.00. Travelers did not seek review of the fee judgment in this Court by way of Florida Rule of Appellate Procedure 9.400(c), but did file a "Motion to Stay Enforcement of Judgment," pending review of Travelers I by the supreme court. The trial court granted a temporary stay, giving Travelers time to post a bond to effectuate an automatic stay under Florida Rule of

2

Appellate Procedure 9.130(b). Travelers complied with the bond requirement, which was issued by Travelers Casualty and Surety Company of America ("the Surety" or "appellant"). A few months later, appellee filed an emergency motion seeking to terminate the stay and collect on the bond. The trial court granted the motion, directing the immediate release of the bond in the court's registry to appellee's attorneys, and imposed a second judgment requiring the Surety to pay fees and costs by then totaling $150,613.30. In the meantime, the Florida Supreme Court granted Travelers' "Emergency Motion to Stay Further Proceedings, to Stay Enforcement of Appellate Fees Orders, and to Recall Mandate," thereby staying all proceedings before the trial court and this Court pending disposition of Travelers' petition for review. After Travelers filed its initial brief, however, the supreme court entered an order requesting supplemental briefs from the parties addressing the following question:

> After issuing an opinion on the merits, the district court granted Respondent's [appellee's] motion for appellate attorney's fees and remanded to the trial court to set the amount. The trial court then issued an order granting Respondent appellate attorney's fees, and Petitioner did not file a motion for review of that order pursuant to Florida Rule of Appellate Procedure 9.400(c). The enforcement of the order has been stayed.

> Petitioner is hereby directed to serve a supplemental initial brief addressing whether an award of appellate attorney's fees is final because a motion for review of that award order was not timely filed, or whether the award must be quashed if the appeal on the merits is successful because the award is a derivative claim.

3

Travelers filed its supplemental brief in which it asserted that were it to prevail before the supreme court, it could afterward obtain relief from the fee judgment in the trial court by motion filed pursuant to Florida Rule of Civil Procedure 1.540(b)(5). Appellee filed a motion asking the supreme court to lift the stay and allow enforcement of the judgment, urging that by vacating the stay to allow execution of the "non-appealed Final Judgment Awarding Reasonable Appellate Attorney's Fees, [Travelers'] rights under Fla. R. Civ. P. 1.540(b)(5), *if any*, *are preserved*." (Emphasis added.)

On October 23, 2014, the Florida Supreme Court issued its opinion in Travelers Commercial Insurance Co. v. Harrington, 154 So. 3d 1106 (Fla. 2014) (Travelers II), answering the certified questions and consequently quashing Travelers I. It did not, however, address the question which had been the subject of the supplemental briefs. Instead, per appellee's motion, the supreme court ruled:

> Upon consideration of Respondent's [appellee's] Motion to Vacate in Part this Court's Stay Order of February 8, 2013, and response thereto, it is ordered that said motion is granted. We hereby lift the portion of the stay *relating to enforcement of the underlying appellate fees judgment entered by the First District Court of Appeal*. See Fla. R. App. P. 9.400(c) (providing that review of appellate attorneys' fees orders "shall be by motion filed in the Court within 30 days of rendition").
>
> However, Respondent's motion for attorneys' fees filed in this Court . . . [is] hereby denied.

4

(Emphasis added.) The supreme court's Mandate to this Court—commanding "that further proceedings be had in accordance with said opinion"—issued on February 2, 2015.

On January 15, 2015, *prior* to the issuance of the supreme court's mandate in Travelers II, but because of the supreme court's decision to lift the stay, appellants filed their "Emergency Motion to Vacate Appellate-Fee Judgments Pursuant to Rule 1.540(b)(5)," seeking to vacate the original and second appellate fees judgments based on the supreme court's quashal of Travelers I on which the award of the fees was premised. On February 11, 2015, the trial court entered an order denying appellants' emergency motion. Appellants appealed the order to this court in the first of these consolidated appeals, appellate court case number 1D15-1121. In addition, on remand of Travelers I, Travelers also filed an emergency motion to vacate this Court's original order awarding appellee the prevailing party appellate attorneys' fees, as well as the resulting fees judgments. On April 2, 2015, in Travelers I, this Court entered an order on Travelers' emergency motion to vacate, stating:

> 1. This court's order dated May 10, 2012, granting Appellee's motion for appellate attorney's fees is vacated, and Appellee's motion for appellate attorney's fees, filed October 17, 2011, is denied. See Citizens Property Ins. Co. v. Uebershaer, 981 So. 2d 1265 (Fla. 1st DCA 2008).
>
> 2. The request to set aside the judgments resulting from this court's prior order granting Appellee's motion for appellate attorney's

fees is denied without prejudice to Appellant seeking such relief in the trial court. This court expresses no view as to how the trial court should rule on the request for such relief.

Also on April 2, 2015, we entered an Order on Mandate, setting aside our opinion in Travelers I and ordering that the opinion of the supreme court filed on October 23, 2014, "replace this Court's opinion and accompany the mandate of this Court to the Circuit Court for Columbia County." Our mandate issued that same day.

Thereafter, in appellate court case number 1D15-1121 (appellants' first appeal from the trial court's fees judgments), appellants moved this Court to relinquish jurisdiction for thirty days so they could pursue a second motion to vacate the attorneys' fees judgments based on the above-quoted order entered on remand in Travelers I. They pointed out that the trial court's order on appeal in appellate court case number 1D15-1121 was premised on the fact that it could not disturb our initial decision to award prevailing party appellate attorneys' fees, as Travelers failed to seek review of the fee order via Florida Rule of Appellate Procedure 9.400(c). On May 12, 2015, this Court issued the following order:

> Appellants' motion to relinquish jurisdiction filed April 10, 2015, is granted, and jurisdiction is hereby relinquished to the lower tribunal through and until June 12, 2015, for the purpose of considering appellants' second motion to vacate appellate fee judgments. At the end of the relinquishment period, jurisdiction shall automatically revest with this court. On or before June 19, 2015, appellants shall file a status report advising of the need for further proceedings herein.

6

Appellants filed a second motion to vacate in the trial court. On July 13, 2015, the trial court entered its "Order Denying Defendants' Second Motion to Vacate Appellate Fee Judgments." The trial court gave the following reasons to explain its ruling:

a) In the first appeal, this Court denied Travelers' motion to vacate those judgments without prejudice to seek such relief from the trial court, and whatever the trial court was to decide, this Court would be in a position to review the trial court's ruling.

b) The "federal cases provided by Travelers do provide guidance . . . [but] with the lack of local precedent this court is reluctant to provide the relief requested by Travelers."

c) "The Florida Supreme Court refused to vacate the Final Judgment . . . and certainly [it] could have provided the guidance to use [Rule 1.540]," but did not.

d) The Second Motion to Vacate should be denied because Travelers did not file a motion for review of the appellate fees judgments under Rule 9.400; because there is no precedent regarding a trial court's vacating an appellate court's order granting appellate fees where no appellate review was sought; and because the "First DCA will review this order and determine how Florida will apply Fla. R. Civ. P. 1.540 to this case."

e) The case law construing Rule 9.400 "confirms that an award of costs after a successful appeal may not be conditioned upon the ultimate outcome of the case. . . . The rationale for an award of reasonable attorneys' fees under Rule 9.400 should be treated the same as the costs."

As required by this Court's order relinquishing jurisdiction, a status report was filed in appellate court case number 1D15-1121, and jurisdiction was returned to this Court as noted in a July 17, 2015, order. Appellants then filed a separate,

7

timely, appeal from the trial court's order, which was assigned appellate court case number 1D15-3480, the second of the two consolidated appeals. Appellants' motion to consolidate the appeals for all purposes was granted. We turn now to the merits of the parties' arguments.

Florida Rule of Civil Procedure 1.540(b)(5) provides in pertinent part as follows:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, decree, order, or proceeding for the following reasons: . . . (5) that . . . a prior judgment or decree upon which it is based has been reversed or otherwise vacated . . . .

A trial court's ruling on a motion to vacate under rule 1.540 is reviewed for an abuse of discretion. Buckman v. Beighley, 128 So. 3d 133 (Fla. 1st DCA 2013); Rosso v. Golden Surf Towers Condo. Ass'n, 711 So. 2d 1298, 1300 (Fla. 4th DCA 1998). The "general principles governing [a] motion to vacate under Rule 1.540 include the rule that the motion is addressed to the sound judicial discretion of the trial court." Cutler Ridge Corp. v. Green Springs, Inc., 249 So. 2d 91, 93 (Fla. 3d DCA 1971). However, when a trial court rules on the motion as a matter of law on a pure question of law, our review is de novo. Mourning v. Ballast Nedam Constr., Inc., 964 So. 2d 889 (Fla. 4th DCA 2007). The purpose of rule 1.540(b)(5) "is to enable the court to grant relief against an unjust decree, and [it] should be liberally construed to advance such a remedy." Cutler Ridge, 249 So. 2d at 93. Normally, after rendition of a final judgment the trial court loses jurisdiction over the case,

8

but rule 1.540 provides an exception.  Bank One, Nat'l Ass'n. v. Batronie, 884 So. 2d 346, 348-49 (Fla. 2d DCA 2004) (holding rule 1.540 "'gives the court jurisdiction to relieve a party from the act of finality in a narrow range of circumstances'").

In the present consolidated appeals, the trial court denied both of appellants' motions to vacate the two attorneys' fees judgments.  Regarding the first motion, the trial court reasoned:

> [O]nly the First DCA can change the course of its appellate fee award. Travelers never sought to have the First DCA do so and the First DCA term ended.  Travelers should have preserved its appellate rights by seeking a stay of the MANDATE or sought review pursuant to Fla. App. R. 9.400 but elected not to do so.

Furthermore, the trial court observed that Travelers had filed a supplemental brief before the Florida Supreme Court raising all of the arguments it was then raising before the trial court, yet the supreme court "denied Travelers' request for relief from the First DCA Appellate Attorney's fee award and instead entered its Order dated October 23, 2014 lifting its stay to allow Harrington to pursue collection of the judgment award."

The question of whether the trial court was legally correct in the conclusions it reached in this first order—presently the subject of the appeal in appellate court case number 1D15-1121—is largely academic in light of the subsequent April 2, 2015, order rendered in Travelers I, in which this Court vacated its earlier order

9

granting appellee's motion for prevailing party appellate attorneys' fees pursuant to Ueberschaer, and our May 12, 2015, order, relinquishing jurisdiction "to the lower tribunal . . . for the purpose of considering appellants' second motion to vacate appellate fee judgments." Armed with those orders, appellants again moved the trial court to vacate the appellate fees judgments via rule 1.540(b)(5).

The trial court, however, once more refused to vacate the appellate fees judgments, agreeing with appellee that appellants are not entitled to relief because Travelers never appealed the appellate fees judgment in Travelers I. We conclude the trial court erred in so ruling, since the issue is not one of preservation of error but of appellants' right to have a derivative fee award vacated when the underlying merits judgment is reversed. See Ueberschaer, 981 So. 2d at 1266 (holding that this Court's reversal of its previous opinion due to the Florida Supreme Court's mandate quashing that opinion, "necessarily require[d] [this Court] to vacate [its] previous order partially granting Appellee's motion for appellate attorney's fees"). Rule 1.540(b)(5) most certainly is a remedy perfectly suited for resolving the problem of an award of prevailing party attorneys' fees to one who is no longer a prevailing party. Contrary to the trial court's belief that there is no "local" precedent, Florida courts have recognized that when a merits judgment is reversed or vacated, a judgment for attorneys' fees flowing from that judgment should be reversed, too, and the mechanism for relief is rule 1.540(b)(5). See, e.g., Viets v.

10

Am. Recruiters Enters., Inc., 922 So. 2d 1090 (Fla. 4th DCA 2006). In Viets, the Fourth District ruled that vacating the award of appellate fees was "mandatory" even though the defaulting party had not appealed the lower court's attorney's fee judgment. Id. at 1096. Accord Marty v. Bainter, 727 So. 2d 1124, 1125 (Fla. 1st DCA 1999) ("Once a final judgment is reversed and remanded by an appellate court, there can be no prevailing party for purposes of an award of prevailing party attorney's fees. Consequently, an award of attorney's fees and costs predicated on a reversed or vacated final judgment also must be reversed.") (citing cases).

As its first justification for denying appellants' second motion to vacate, the trial court referred to appellants' acknowledgment that they had made a "tactical" decision not to appeal the original fee award, and admonished them that rule 1.540 "cannot be used as an end-run around all appellate rules," citing Sacco v. Slavin, 641 So. 2d 955 (Fla. 3d DCA 1994). In Sacco, the Third District affirmed the trial court's denial of the appellants' rule 1.540(b)(1) motion, recognizing "[t]he Florida Supreme Court has said that Rule 1.540 was not intended to serve as a substitute for the new trial mechanism prescribed by Rule 1.530 nor as a substitute for appellate review of judicial error." Id. at 957 (citing Curbelo v. Ullman, 571 So. 2d 443, 444 (Fla. 1990)) (internal quotation marks omitted). But in Sacco, the appellants, defendants below, were served with a default final judgment. Instead of filing a motion for rehearing or an appeal, they let the time expire while trying

11

to work out a settlement with the plaintiffs. Thereafter, they filed the motion to vacate the final judgment. The Third District held:

> The principal difficulty we have with the defendants' position is their failure to file a motion for rehearing or to take an appeal. Defendants learned of the entry of judgment on June 24, the same day it was entered. Defendants had ten days to move for rehearing, see Fla. R. Civ. P. 1.530(b), and thirty days within which to file a notice of appeal. The gist of the defendants' position is that the trial court abused its discretion in allowing defense counsel to withdraw without allowing at least a brief continuance to obtain substitute counsel. That argument could have been raised by motion for rehearing or upon appeal from the final judgment.

Id. at 956-57. The situation in Sacco is in no way comparable to the circumstances in the present case, where Travelers had nothing to appeal because the original prevailing party attorneys' fees judgment was predicated on this Court's affirmance of the trial court's merits judgment. Nonetheless, it did employ measures to protect itself from the immediate enforcement of that judgment through motions for stay of execution. Yet, the trial court here, quoting from Miller v. Fortune Insurance Co., 484 So. 2d 1221, 1223 (Fla. 1986), held "it has never been the role of the trial courts of this state to relieve attorneys of their tactical mistakes . . . and nothing in Rule 1.540(b) suggests otherwise." (Internal quotation marks omitted.) In all due respect to the learned trial court, we do not interpret appellants' methods as a tactical "end run" around appellate review. In Miller, the Florida Supreme Court was confronted with an attorney's error in voluntarily dismissing his client's case with prejudice, instead of *without* prejudice.

12

While decrying legal shenanigans in general, the supreme court actually held in the case before it that "the limited jurisdiction conferred on the courts by rule 1.540(b) to correct errors includes the power to correct clerical substantive errors in a voluntary notice of dismissal." Id. at 1224. It went on to agree "'that Rule 1.540(b) may be used to afford relief to *all* litigants who can demonstrate the existence of the grounds set out under the rule.'" Id. (quoting Shampaine Indus., Inc. v. S. Broward Hosp. Dist., 411 So. 2d 364, 368 (Fla. 4th DCA 1982)) (emphasis in original). It then said, "Rule 1.540(b) was intended to achieve this result, and it should be interpreted in a manner consistent with its purpose." Id.

The rationale expressed in Miller actually supports appellants' cause. At the earliest, not until the supreme court quashed this Court's decision in Travelers II could appellants have even considered seeking relief from this Court's appellate fee award by way of rule 9.400. Granted, appellants' could have moved to stay this Court's mandate in Travelers I pending review by the supreme court, but we hold their failure to do so did not act to preclude them from seeking relief from the trial court's fees judgments via rule 1.540(b)(5). Consequently, the trial court erred in concluding appellants had virtually hoisted themselves on their own petard through their "tactical" decisions. Indeed, were there any question of the correctness of appellants' "tactical" avenue for relief, certainly the impediment was removed by this Court's decision vacating the prevailing party fee award and its

13

relinquishing jurisdiction to the trial court to consider appellants' second motion to vacate.

In their argument, appellants directed the trial court's attention to several federal cases interpreting the very similar Federal Rule of Civil Procedure 60(b) in a manner supportive of their second motion to vacate. The trial court found the cases "do provide guidance," but was "reluctant" to utilize them to provide appellants relief because of "the lack of local precedent." On the contrary, in Ohio Casualty Group v. Parrish, 350 So. 2d 466 (Fla. 1977), the Florida Supreme Court was called upon to resolve a dispute between the districts and to answer the question whether rule 1.540(b) permits a trial court, *after issuance of the appellate court mandate*, to entertain a timely motion pursuant to the rule without first obtaining leave of the appellate court. Id. at 468. The supreme court noted that "Fla. R. Civ. P. 1.540(b) closely resembles Federal Rule 60(b)." Id. at 469. It therefore adhered to the pronouncement of the United States Supreme Court in Standard Oil Co. of California v. United States, 429 U.S. 17 (1976), wherein the Supreme Court was presented with a conflict on the same point of law. Our supreme court noted the United States Supreme Court "resolved that conflict by holding that appellate leave was not required." Parrish, 350 So. 2d at 469. It then quoted with approval the following passage from Standard Oil:

"In our view, the arguments in favor of requiring appellate leave are unpersuasive. Like the original district court judgment, the appellate

14

mandate relates to the record and issues then before the court, and does not purport to deal with possible later events.  Hence, the district judge is not flouting the mandate by acting on the motion. . . . Furthermore, the interest in finality is no more impaired in this situation than in any Rule 60(b) proceeding.  Finally, we have confidence in the ability of the district courts to recognize frivolous Rule 60(b) motions.  Indeed, the trial court 'is in a much better position to pass upon the issues presented in a motion pursuant to Rule 60(b)[.]'"

Id. (quoting Standard Oil, 429 U.S. at 18-19) (internal citations omitted). Our

supreme court went on to add:

> Were we not persuaded by the policy considerations favoring abolition of the appellate-leave requirement, a careful reading of the rule itself would militate toward that position.  While Fla. R. Civ. P. 1.540(a) specifically requires leave of the appellate court as a prerequisite to correction of clerical mistakes arising after commencement of the appeal, subparagraph (b) of the rule contains no such condition.  The absence of the appellate-leave requirement from subparagraph (b) where the same requirement was clearly stated in subparagraph (a) suggests that no such requisition was intended to attach to the former subparagraph.

Id.  In this respect, California Medical Ass'n v. Shalala, 207 F.3d 575 (9th Cir.

2000), is on point.  In that case, the Ninth Circuit Court of Appeals held there is no

need to appeal a fee judgment if the only issue with the judgment is that it should

be set aside if the merits appeal in the same case results in a change of the

prevailing party status.  Under those circumstances, a rule 60(b)(5) motion

suffices.  Id. at 578.  Thus, even though the trial court stated it had no "local"

precedent allowing it to grant appellants relief under their second rule 1.540(b)(5)

15

motion, there was no legal impediment for it to turn to federal precedent applying a similar procedural rule.

The trial court also emphasized the Florida Supreme Court's refusal in Travelers II to vacate the final judgment on attorneys' fees, its failure to address rule 1.540(b)(5), and its pronouncement in its order lifting the stay that "relief should have been requested in accordance with Fla. R. App. P. 9.400(c)." Because the supreme court did not expressly rule on the issues raised in appellants' supplemental briefing, we hold the above-quoted language does not control the outcome of these appeals. Indeed, as appellants point out, they never requested the supreme court to vacate the final judgment; instead, they explained that the trial court was the appropriate forum in which to seek relief. Furthermore, even in her motion asking the supreme court to lift the stay, appellee indicated her request would not prejudice any rights appellants had under rule 1.540(b).

Finally, the trial court justified its ruling on the basis that Travelers never sought review of the initial appellate fee judgment in this Court pursuant to Florida Rule of Appellate Procedure 9.400(c). But, as appellants argue, an appeal is not a prerequisite to relief under rule 1.540(b)(5), where the basis of the motion is that the underlying merits judgment was vacated or reversed, thereby removing the underpinning of the challenged fee judgment. Had Travelers filed a rule 9.400(c) motion in this Court in Travelers I, while review was pending in the supreme court,

it would have been, at best, a premature challenge pending a decision from the supreme court on the merits. In other words, it would have been a mere technical exercise. Instead, a subsequent challenge under rule 1.540(b)(5), after the merits opinion had been overturned and the appellate fee award vacated offered a more amenable avenue for relief from the second fee judgment. As appellants suitably argue, the exhaustion of appellate remedies has never been a prerequisite to the entitlement of relief under rule 1.540(b)(5), or an impediment to the jurisdiction of a trial court to consider whether to grant relief from a "final judgment" under that subsection of the rule. For instance, in Mulato v. Mulato, 734 So. 2d 477 (Fla. 4th DCA 1999), the Fourth District reversed the denial of a motion to vacate a prior cost judgment entered by the trial court in favor of the party who lost the separate appeal from the merits judgment, and instructed the trial court to re-assess who the prevailing party was in light of the Fourth District's prior decision in a separate appeal. A similar conclusion was reached in Thornburg v. Pursell, 476 So. 2d 323, 324 (Fla. 2d DCA 1985), wherein the Second District ruled:

> The plaintiffs first contend that the trial court erred in denying their motion to tax costs incurred in the first trial. *The court, in denying the plaintiff's motion, explained that the cost judgment entered in favor of the defendants stood as the law of the case because the plaintiffs failed to appeal that cost judgment.* We disagree. In the first appeal, we reversed and ordered a new trial on the issue of damages. Where a judgment is reversed on appeal, it is not proper to allow a cost judgment pending the outcome of the matter on remand. The trial court therefore erred in affirming the cost judgment entered in favor

17

> of the defendants in the first trial because the judgment upon which it was predicated was reversed on appeal.

(Emphasis added). See also S. Nat'l Track Servs., Inc. v. DJ Gilley, 152 So. 3d 13 (Fla. 1st DCA 2014); River Bridge Corp. v. Am. Somax Ventures, 76 So. 3d 986 (Fla. 4th DCA 2011). Rather, the right to obtain relief from the prevailing party fees judgment on the basis that the merits judgment was wrongly decided is preserved by appealing the merits judgment. See Flowers v. S. Reg'l Physician Servs., Inc., 286 F.3d 798, 800-02 (5th Cir. 2002); Shalala, 207 F.3d at 578; Maul v. Constan, 23 F.3d 143, 147 (7th Cir. 1994). We consider the foregoing federal rulings to provide persuasive authority for reversing the trial court's order in the present case. The cases relied on by the trial court as analogous authority, primarily, Centennial Mortgage, Inc. v. SG/SC, Ltd., 864 So. 2d 1258 (Fla. 1st DCA 2004), involved an award of costs and did not address the issue here, where a party first prevails on appeal and is awarded prevailing party attorneys' fees, but later loses that right by fiat from a higher court.

In sum, concerning appellate court case number 1D15-3480, we conclude that once this Court vacated its award of prevailing party attorneys' fees to appellee upon remand from the supreme court's decision in Travelers II, there was no legal basis for the trial court to deny appellants' second motion to vacate, since appellee was no longer the prevailing party and no longer entitled to prevailing party attorneys' fees under section 627.428. Our decision in appellate court case

18

number 1D15-3480, therefore necessarily renders moot any consideration of the trial court's order appealed in appellate court case number 1D15-1121.

The trial court's orders denying appellants' motions to vacate the attorneys' fees judgments are REVERSED, and the cause is REMANDED with directions for the trial court to vacate the judgments awarding appellee her appellate attorneys' fees.

RAY, J., CONCURS.  ROWE, J., CONCURS IN RESULT.