# Third District Court of Appeal

## State of Florida

Opinion filed July 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2546
Lower Tribunal No. 14-25640
_____

**Mario Augusto Franco,**
Appellant,

vs.

**Marcia Ximena Thomas,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Law Offices of Trujillo & Associates, P.A., and Annabella Trujillo, for appellant.

Francisco Vargas, Esq., P.A., and Francisco J. Vargas, for appellee.

Before SUAREZ, SCALES and LUCK, JJ.

SCALES, J.

Appellant Mario Augusto Franco, the husband, and appellee Marcia Ximena Thomas, the wife, entered into an oral settlement agreement during their March 14, 2016 marriage dissolution trial. One element of settlement was that each party would retain his or her non-marital assets, one of which, the family home, was purchased and owned solely by Franco prior to the marriage. On April 5, 2016, the trial court entered a final judgment of dissolution of marriage that incorporated the parties' settlement agreement. Thomas neither moved for re-hearing nor appealed the final judgment. Notwithstanding the dissolution judgment's dispossessing Thomas of any ownership interest in the home, Thomas and the two minor children of the marriage remained living in this home. Franco filed a separate unlawful detainer action, seeking to evict them from the home. Franco's unlawful detainer action was transferred to the circuit court's family division.

On May 5, 2016, pursuant to Florida Rule of Civil Procedure 1.540(b)(1) and (3),[1] Thomas filed in the dissolution action a motion to vacate the final

---

[1] Rule 1.540(b)(1) and (3) read in relevant part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . ." In 2016, Family Law Rule of Procedure 12.540 provided simply that rule 1.540 governed all motions seeking relief from family law judgments. Effective March 16, 2017, the Florida Supreme Court amended rule 12.540 to parallel rule 1.540. In re: Amendments to Fla. Family Law Rules of Procedure, 214 So. 3d 400, 465 (Fla. 2017). In this case, the mid-proceedings rule change had no effect below, nor does it affect our determination of the appeal.

dissolution of marriage judgment, arguing that the dissolution judgment was the result of mistake, surprise, coercion and duress. Franco opposed Thomas's rule 1.540(b) motion by filing a summary judgment motion. During the October 26, 2017 hearing on Franco's summary judgment motion, Thomas, for the first time, introduced an alternate rationale for relief from the dissolution judgment. Citing rule 1.540(b)(5),[2] Thomas argued that, in light of Franco's effort to evict Thomas and the children from the home, the final dissolution judgment was "no longer equitable." Essentially, Thomas argued that, when it entered the final dissolution judgment based on the parties' settlement agreement, the trial court erred by not taking into consideration where the couple's minor children would live post-dissolution. See Dorsett v. Dorsett, 902 So. 2d 947, 951-52 (Fla 4th DCA 2005)(reversing a final dissolution judgment premised upon the parents' oral agreement regarding relocation of a minor child, requiring the trial court to determine independently that the agreed-upon arrangement does not harm the interests of the child). In separate orders on appeal, the trial court denied Franco's summary judgment motion and granted Thomas's rule 1.540 motion (thereby vacating the final dissolution judgment), determining that "the Final Judgment is not fair to the minor children."

---

[2] Rule 1.540(b)(5) reads in relevant part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: (5) . . . it is no longer equitable that the judgment . . . should have prospective application."

We reverse the trial court's order vacating the final judgment of dissolution. If Thomas wished to challenge the final judgment of dissolution on legal grounds (for example, the judgment's alleged non-compliance with the dictates of Dorsett), it was incumbent upon Thomas either to seek a timely rehearing from the dissolution judgment pursuant to Florida Rule of Civil Procedure 1.530[3] or to appeal the final judgment. Neither rule 1.540, nor its family law equivalent (rule 12.540), is an appropriate vehicle to challenge a judgment based upon alleged legal error. Curbelo v. Ullman, 571 So. 2d 443, 445 (Fla. 1990); Theodorides v. Theodorides, 201 So. 3d 141, 143-44 (Fla. 3d DCA 2015). Thomas has not provided us with any authority that would extend the limited scope of rule 1.540(b)(5) to the situation presented here.

Reversed.[4]

---

[3] In 2016, Family Law Rule of Procedure 12.530 provided simply that rule 1.530 governed all motions seeking rehearing of family law judgments. Effective March 16, 2017, the Florida Supreme Court amended rule 12.530 to mirror rule 1.530. In re: Amendments to Fla. Family Law Rules of Procedure, 214 So. 3d 400, 464-65 (Fla. 2017). In this case, the mid-proceedings rule change had no effect below, nor does it affect our determination of the appeal.

[4] We express no opinion as to whether Thomas may have other avenues of relief.