# Third District Court of Appeal
## State of Florida

Opinion filed November 29, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0316
Lower Tribunal No. 21-14064
_____

**Sylvia Morrow**,
Appellant,

vs.

**SF Materials and Supplies, Inc.**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

William D. Beamer, Chartered, and William D. Beamer (Fort Lauderdale), for appellant.

Malka & Kravitz, P.A., and Erik C. Neudorff (Fort Lauderdale), for appellee.

Before EMAS, MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed.  See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.") See also Parkhomchuck v. AIY, Inc., 338 So. 3d 397, 398 (Fla. 3d DCA 2022) (observing that "a rule 1.540 motion is not an appropriate means of challenging the merits of the underlying judgment" (citing Phenion Dev. Grp., Inc. v. Love, 940 So. 2d 1179, 1183 (Fla. 5th DCA 2006) ("Rule 1.540 was not intended as a substitute for relief from judicial error, 'such as a mistaken view of the law,' that should have been corrected by direct appeal or by motion under Florida Rule of Civil Procedure 1.530") and Averbuch v. Lauffer, 516 So. 2d 973, 974 (Fla. 5th DCA 1987) ("[A] denial (or granting) of a motion to vacate a final judgment cannot on appeal bring up for review the merits of the final judgment sought to be vacated")) (additional citations and quotations omitted); Smiles v. Young, 271 So. 2d 798, 802 (Fla. 3d DCA 1973) (Rule 1.540(b) "does not have as its purpose or intent the reopening

of lawsuits to allow parties to state new claims or offer new evidence omitted by oversight or inadvertence. Nor does the rule allow a party to avoid the consequences of a decision to settle litigation even if the party regards the settlement as 'bad' in retrospect.") (internal citations omitted).