DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

CINDY E. BONSIGNORI,

Appellant,

v.

DIANNE C. BOULAY,

Appellee.

No. 2D2023-1167
_____

December 27, 2024

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Pinellas County; Steve D. Berlin, Judge.

Erin Pogue Newell and Shannon McLin of Florida Appeals, Orlando, for Appellant.

Ryan M. Schmidt of Coats Schmidt, P.A., St. Petersburg, for Appellee.

SMITH, Judge.

Cindy Bonsignori appeals the trial court's Order denying her Motion to Set Aside Final Judgment of Dissolution of Marriage. Ms. Bonsignori argued in her motion, among other issues, that the trial court erred in ruling that the debt on a promissory note owed by both parties, jointly and severally, was equitably distributed by the final judgment of dissolution of marriage where new circumstances pertaining to that debt

have rendered the final judgment of dissolution inequitable. We affirm the trial court's order and write only to address Ms. Bonsignori's new circumstances argument under rule 12.540(b)(5).

Ms. Bonsignori and Dianne Boulay married in 2013. Prior to Ms. Boulay's filing for dissolution of marriage in 2018, the parties owned multiple single-purpose LLCs and corporations through which they controlled different business ventures, including a spa business and the building out of which the spa operated. To fund the purchase of property, the parties (through one of their LLCs) obtained an unsecured $166,000 loan from Gene and Nada Camali (the Camali loan).

Shortly after Ms. Boulay filed for dissolution, the parties sold two marital properties and placed the proceeds of the sales in escrow. Ms. Boulay moved for the appointment of a receiver over the sale proceeds, as the parties disagreed as to how these proceeds should be used to pay their various expenses. The trial court ultimately appointed a receiver over the parties' assets. The receiver paid some of the parties' debts with the sale proceeds and stated that he would pay additional unsecured loans of the parties, including the Camali loan.

At the time the trial court entered the final judgment of dissolution on December 22, 2020, the Camali loan was not paid and was the subject of then-pending litigation. In the final judgment of dissolution, the trial court found that the spa business and property were marital assets and ruled that the receiver would continue to hold authority over their disposition. The trial court further ruled that

> [i]n the event the parties would like to retain this marital asset and continue to operate their massage business, this Court retains jurisdiction to enter an amended final judgment distributing this property to the parties as tenants in common, subject to satisfaction of any and all federal income tax obligations.

2

With respect to the Camali loan, the trial court found in paragraph ten of the order on appeal: "As to the [Camali loan], there is now pending litigation on this in a separate proceeding, so this Court will take no action on this issue and will let it get resolved in that civil lawsuit where both parties and one of their LLC's are party defendants." Ms. Bonsignori appealed the final judgment of dissolution; we affirmed. *See Bonsignori v. Boulay*, 344 So. 3d 410 (Fla. 2d DCA 2022) (table decision).

While the appeal was pending, litigation on the Camali loan continued. In 2020, the Camalis sued both parties, as well as the spa business and an LLC controlled by the parties, to collect the monies owed on the Camali loan, alleging an equitable lien, breach of promissory note, unjust enrichment, and fraudulent transfer. In April 2021, Ms. Boulay stipulated to a consent final judgment of $242,079.[1] Ms. Bonsignori did not settle the claims against her and in May 2021, a final summary judgment was rendered against her in the amount of $248,417.51.

Thereafter, Ms. Bonsignori filed her motion to set aside the final judgment of dissolution alleging new circumstances since the entry of that final judgment. Pertinent here, Ms. Bonsignori argued that the marital assets are now subject to attachment by the Camalis, which she argues is an inequitable result because Ms. Boulay originally objected to paying the debt only to later surrender to a consent final judgment.

In denying the motion, the trial court ruled that the "final judgment is not inequitable as to the [Camali loan]," finding with respect to the $6,228.50 differential in judgment amounts that "[Ms. Bonsignori] made

---

[1] A calculation scrivener's error appears in that stipulated consent final judgment, stating the total judgment as "$178,930.01." However, the total judgment is $242,079.01, when adding the principal sum, interest, costs and attorneys' fees amounts.

a bad litigation decision; whereas, [Ms. Boulay] confessed judgment. They both have a judgement against them. [Ms. Boulay] got there more efficiently."

In this appeal, Ms. Bonsignori argues that the trial court erroneously interpreted the final judgment as distributing the Camali loan because she could still, theoretically, be liable for the entire debt. She argues that the Camali loan could affect the distribution of other marital assets, and, thus, the final judgment should be set aside under rule 12.540(b)(5) because it is "no longer equitable that the judgment should have prospective application." We do not find merit in these arguments.[2]

Rule 12.540(b)(5) allows a trial court to relieve a party from a final judgment when "it is no longer equitable that the judgment should have prospective application." "To seek relief pursuant to rule 1.540(b)(5) or 12.540(b)(5), an appellant must show that there are new circumstances that affect the judgment previously rendered by the trial court which make it no longer equitable for the trial court to enforce its decision." *Schmidt v. Nipper*, 287 So. 3d 1289, 1294 (Fla. 1st DCA 2020) (emphasis added); *see also Garcia v. Christiana Tr.*, 230 So. 3d 66, 69 (Fla. 3d DCA 2017) (holding that, "[a]t its core," corollary rule 1.540 requires that "there must be some new post-judgment fact or occurrence that requires the trial court, in equity, to recede from its prior order or judgment"); *Pure H2O Biotechnologies, Inc. v. Mazziotti*, 937 So. 2d 242, 245 (Fla. 4th DCA 2006) (holding that "[r]ule 1.540(b)(5) does not allow a party to retry a case merely because the judgment provides equitable relief and the

---

[2] We also find Ms. Bonsignori's argument that the final judgment of dissolution should be set aside under rule 12.540(b)(3) due to Ms. Boulay's alleged fraudulent financial affidavit to be meritless.

party has found additional evidence").  The issue is a pure question of law requiring de novo review.  *See Travelers Commerce Ins. Co. v. Harrington*, 187 So. 3d 879, 884 (Fla. 1st DCA 2016).

There are a handful of cases addressing what does not constitute "new circumstances" under rule 12.540 in the family law context.  *See Griffin v. Griffin*, 392 So. 3d 230, 233 (Fla. 1st DCA 2024) (holding that the former husband was precluded from arguing for the first time on appeal that the final judgment was inequitable and should be set aside due to the change in home value); *Schmidt*, 287 So. 3d at 1294 (holding that rule 12.540(b)(5) does not apply to arguments raised below but not fully litigated); *Franco v. Thomas*, 251 So. 3d 325, 327 (Fla. 3d DCA 2018) (holding that rule 12.540(b)(5) was not a basis for the former wife to challenge the judgment on legal grounds where the judgment was entered pursuant to the parties' marital settlement agreement).  We add to that category of cases the instant case because the facts here simply do not amount to any "new circumstances" occurring postjudgment.

For illustration, in *Schmidt*, the biological father sought to vacate a paternity order on vague equitable grounds alleging that the issue of paternity was not fully litigated and thus his due process rights were violated at the final hearing.  287 So. 3d at 1291.  Because the biological father failed to raise any new circumstances postjudgment which affected the final judgment, the First District affirmed the trial court's denial of his rule 12.540(b)(5) motion.  Similarly, Ms. Bonsignori has not identified any new circumstances after the entry of the final judgment that renders prospective application of the final judgment inequitable.

The final judgment does not direct the parties on how to satisfy the Camali loan.  The final judgment of dissolution provides: "As to the Camali promissory note, there is now pending litigation on this in a

separate proceeding, so this Court will take no action on this issue and will let it get resolved in that civil lawsuit where both parties and one of their LLC's are party defendants."  Here, Ms. Bonsignori concedes that she and Ms. Boulay are jointly and severally liable for the Camali loan. In other words, the final judgment of dissolution stated that the Camali loan should be resolved through the then-pending litigation; Ms. Boulay and Ms. Bonsignori subsequently resolved that debt through litigation. The circumstances presented in the final judgment of dissolution have not changed.  And as the trial court below correctly noted, the parties are still jointly and severally liable for the civil judgments on the Camali loan, and "[a]ny action related to the Camali promissory note is not inequitable when viewed along with the actions of the parties as a whole."

To the extent that Ms. Bonsignori now argues that the final judgment of dissolution is inequitable because of the way it handles the Camali loan, those circumstances are also unchanged, as that argument should have been raised in the direct appeal of the final judgment of dissolution.  *See Parkhomchuck v. AIY, Inc.*, 338 So. 3d 397, 400 (Fla. 3d DCA 2022) ("[A] rule 1.540 motion is not an appropriate means of challenging the merits of the underlying judgment."); *Phenion Dev. Grp., Inc. v. Love*, 940 So. 2d 1179, 1183 (Fla. 5th DCA 2006) ("Rule 1.540 was not intended as a substitute for relief from judicial error, 'such as a mistaken view of the law,' that should have been corrected by direct appeal or by motion under Florida Rule of Civil Procedure 1.530." (quoting *Curbelo v. Ullman*, 571 So. 2d 443, 445 (Fla. 1990))); *Averbuch v. Lauffer*, 516 So. 2d 973, 974 (Fla. 5th DCA 1987) ("[A] denial (or granting) of a motion to vacate a final judgment cannot on appeal bring up for review the merits of the final judgment sought to be vacated." (quoting *Bland v. Mitchell*, 245 So. 2d 47, 48 (Fla. 1970))); *Fiber Crete*

6

*Homes, Inc. v. Div. of Admin., State, Dep't of Transp.*, 315 So. 2d 492, 493 (Fla. 4th DCA 1975) ("Rule 1.540 was intended to provide relief from judgments, decrees or orders under a limited set of circumstances; it was [not] intended to serve . . . as a substitute for appellate review of judicial error." (citations omitted)).

Accordingly, because Ms. Bonsignori has not identified any new circumstances rendering prospective application of the final judgment of dissolution inequitable, the trial court did not err in ruling that Ms. Bonsignori was not entitled to relief under rule 12.540(b)(5).

Based on the foregoing, we affirm the denial of Ms. Bonsignori's motion to set aside the final judgment of dissolution.[3]

Affirmed.

NORTHCUTT and VILLANTI, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

_____

[3] We affirm the final judgment without comment regarding the other issues briefed by Ms. Bonsignori.

7